Daniel B. SOUTHARD, Plaintiff-Appellant,

v.

Margaret F. SOUTHARD, also known as Margaret F. Graham, Defendant-Appellee.

No. 251, Docket 27301.

United States Court of Appeals Second Circuit.

Argued March 6, 1962.

Decided July 23, 1962.

Francis C. Dale, Cold Spring, N. Y. (Warren L. Boulanger, Cold Spring, N. Y., on the brief), for plaintiff-appellant.

Thomas T. Adams, New York City (John W. Burke, Julian A. Gregory, Davies, Hardy & Schenck, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and KAUFMAN and MARSHALL, Circuit Judges.

LUMBARD, Chief Judge.

This appeal from the dismissal of the appellant's action raises the ques-

tion whether an action in a federal court for declaratory judgment may be used to invalidate a divorce decree on the ground that the state court entering that decree unconstitutionally failed to give the required full faith and credit to a prior divorce decree of a sister state. We hold that the presentation in this action of such a substantive question is barred by elementary principles of *res judicata,* and affirm the order of the district court.

This lawsuit arises from the fact that after the appellant, Daniel B. Southard, was awarded an absolute decree of divorce in Nevada on April 24, 1956, the appellee, Margaret F. Southard, commenced her own action for divorce in the Connecticut Superior Court on March 23, 1960. Although the record in the Connecticut action has not been made available to us by the parties, the appellant's brief states that he "appeared in that action, interposed an answer setting up the Nevada decree by way of defense and attempted to defend the same." Appellant's version of the further progress of the action is as follows: "Plaintiff-appellant's answer in the Connecticut action was stricken out upon the pretext that he had failed to answer written interrogatories, of which he had received no notice or knowledge; he was deprived of representation by counsel and a default judgment entered against him in his absence and without his knowledge."

The Connecticut court granted the appellee a decree of absolute divorce and alimony and child support payments of $400 per month, and the appellant's employer has withheld $425 per month from his earnings by reason of a writ of execution issued on the judgment.

The appellant did not appeal from the Connecticut decree, which was entered on December 22, 1960, but on August 26, 1961 he commenced this action for a declaratory judgment and other relief in the United States District Court for the Southern District of New York. Although the complaint below also sought damages, on a theory not elucidated, that aspect of the case has apparently been abandoned, making this for our purposes solely a declaratory judgment action. In the appellant's words, "he seeks herein a judgment declaring the invalidity of the decrees of the courts of Connecticut and confirming the validity of the decree of the Nevada Court and a declaration of his present status."

Judge McGohey granted the appellee's motion to dismiss the action, apparently under Federal Rules of Civil Procedure 12(b) (1), 28 U.S.C.A., "on the ground that the court lacks, or in its discretion under 28 U.S.C.A. Section 2201 should decline to exercise, jurisdiction over the subject matter of this suit." The judge's order was apparently based upon a theory of discretionary abstention. The judge did not find any failure to satisfy the elementary requirements of federal jurisdiction. The appellant's amended complaint contains sufficient allegations as to diversity of citizenship and jurisdictional amount which were unquestioned on the motion, thus eliminating any possible problem under the doctrine of Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). Nor did the appellant fail to satisfy the requirement of the Declaratory Judgments Act, 28 U.S.C. § 2201, that the federal court must be presented with "a case of actual controversy." This was not, as the appellee argues, an attempt to bring a matrimonial action in the district court in defiance of the principle that such actions may not be entertained in federal courts. See Barber v. Barber, 21 How. 582, 584, 62 U.S. 582, 16 L.Ed. 226 (1858). Rather, the appellant sought simply a declaration that the Connecticut decree was invalid under the Constitution of the United States, and there is no reason why a declaratory action should not prima facie lie to determine the controverted status of the parties. 6 Moore, Federal Practice 3125 (2d ed. 1953); cf. Perkins v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320 (1939). Thus the district court had jurisdiction over the action.

 Even if we were to assume that dismissal was improper on the theory applied below, we nonetheless would affirm the order of dismissal because, as the appellee now asserts, the complaint reveals facts which show that the action is barred by principles of *res judicata*. If we were to reverse the district court's order, it would be compelled on remand to grant the appellee's inevitable motion under Rule 12(b) (6) of the Federal Rules of Civil Procedure to dismiss the action as *res judicata*.[1] Accordingly, it is appropriate for us to expedite the termination of this action by affirming the order on the theory of *res judicata* which, although justified by what was before the court below, has been asserted by the appellee for the first time in this court. Cf. Colonial Airlines v. Janas, 202 F.2d 914, 917–918 (2d Cir. 1953).

It is clear from the appellant's complaint that—as he admits in his brief on this appeal—he entered an appearance in the Connecticut divorce action the outcome of which he here seeks to attack. His person was thus under the jurisdiction of the Connecticut court, and there are no allegations which could support collateral attack on the judgment. Whether or not the appellant subsequently defaulted as to the further proceedings leading up to the judgment, and whether or not he was deprived of rights by errors of the Connecticut court, our determination that that court had jurisdiction over him and the case precludes any further attack on the judgment. Morris v. Jones, 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488 (1947). The substantive defense that the Connecticut divorce was barred by the requirement that that state give full faith and credit to the Nevada decree was one that could have been and indeed apparently was raised in the Connecticut court. Whether that court actually passed upon the defense or not, principles of *res judicata* forbid us to consider it. The appellant's opportunity to attack the Connecticut decree on the merits died with his failure to appeal, unless the laws of that jurisdiction afford some opportunity to reopen the proceedings there. Morris v. Jones, supra; Reed v. Allen, 286 U.S. 191, 201, 52 S.Ct. 532, 76 L.Ed. 1054 (1932); Restatement, Judgments § 42 (1942).

Affirmed.

MARSHALL, Circuit Judge (concurring).

I concur in the result. I would affirm on the ground that the granting of the injunctive relief here sought was prohibited by statute, 28 U.S.C.A. § 2283, and the granting of declaratory relief would be a plain abuse of discretion, H. J. Heinz v. Owens, 189 F.2d 505 (9 Cir. 1951), cert. denied, 342 U.S. 905, 72 S.Ct. 294, 96 L.Ed. 677; National Cancer Hospital of America v. Webster, 251 F.2d 466 (2 Cir. 1958).

1. "[T]he following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted." Federal Rules of Civil Procedure 12(b) (6).

The defense of *res judicata* may be asserted in a 12(b) (6) motion if its availability appears from the plaintiff's pleadings. See 2 Moore, Federal Practice 2253 (2d ed. 1961); cf. Keene Lumber Co. v. Leventhal, 165 F.2d 815, 820 (1st Cir. 1948); Bradley v. American Radiator & Std. Sanitary Corp., 6 F.R.D. 37 (S.D. N.Y.1946); Kahn v. Cecelia Co., 40 F. Supp. 878 (S.D.N.Y.1941).

Under Federal Rules of Civil Procedure 12(h) (1), the appellee's right to make a further motion under Rule 12(b) (6) has not been waived.