William H. **HERNSTADT**, Appellant,

v.

Sharon S. **HERNSTADT**, Appellee.

No. 311, Docket 30944.

United States Court of Appeals
Second Circuit.

Argued Jan. 18, 1967.

Decided Feb. 15, 1967.

Henry Mark Holzer, New York City, (Phyllis Tate Holzer, New York City, on the brief), for appellant.

Cherry S. Krassner, White Plains, N. Y. (Ruth C. Tachna and Tachna & Krassner, White Plains, N. Y., on the brief), for appellee.

Before MEDINA, ANDERSON and FEINBERG, Circuit Judges.

MEDINA, Circuit Judge:

William H. Hernstadt, the former husband, appeals from the dismissal of his complaint against Sharon S. Hernstadt, his former wife, seeking a construction of those provisions of the Connecticut divorce decree which provide for the custody of the minor children and the former husband's rights of visitation. Judge Cooper concluded that the presence of the requisite amount in controversy to establish diversity jurisdiction had not been shown and further that the federal courts had no jurisdiction over matrimonial disputes. We affirm the dismissal as the District Court was clearly without subject matter jurisdiction.

Since the very early dicta In re Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L. Ed. 500 (1890), it has been uniformly held that federal courts do not adjudicate cases involving the custody of minors and, *a fortiori*, rights of visitation. See 1A Moore's Federal Practice, Para. 0.201; Vestal & Foster, Implied Limitations on the Diversity Jurisdiction of Federal Courts, 41 Minn.L.Rev. 1, 31–36 (1956).

Appellant seeks to avoid the impact of this sound and long-standing rule by raising a constitutional claim of full faith and credit to the Connecticut decree. When a pure question of constitutional law is presented, this Court has suggested that the District Court may as-

sume jurisdiction even if the question arises out of a domestic relations dispute, provided the obstacle posed by the jurisdictional amount is surmounted. Southard v. Southard, 305 F.2d 730 (2 Cir. 1962). However, where the constitutional claim is frivolous, as here, the suit should be dismissed as an impermissible attempt to embroil the federal courts in matrimonial matters best left to the states.

The Supreme Court has declined to hold that custody decrees are entitled to full faith and credit, Ford v. Ford, 371 U.S. 187, 83 S.Ct. 273, 9 L.Ed.2d 240 (1962), Kovacs v. Brewer, 356 U.S. 604, 78 S.Ct. 963, 2 L.Ed.2d 1008 (1958), and the New York courts have adopted the position that the "full faith and credit clause does not apply to custody decrees." Bachman v. Mejias, 1 N.Y.2d 575, 154 N.Y.S.2d 903, 136 N.E.2d 866 (1956). Moreover, it is clear that, consistent with the full faith and credit clause,

> the State of the forum has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the State where it was rendered. [People of State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 615, 67 S.Ct. 903, 906, 91 L.Ed. 1133 (1947)].

Thus if the original judgment is subject to modification, the demands of full faith and credit may be satisfied whether or not the terms of the original decree are obeyed. In Connecticut a custody decree may be modified by the courts of that State, Conn. Gen. Stat. Section 46–23; and the Connecticut court has a continuing jurisdiction over custody matters whether the child is in the state or elsewhere, Fagan v. Fagan, 131 Conn. 688, 42 A.2d 41 (1945). Furthermore, jurisdiction was expressly reserved in the case of the divorce of the spouses now before us. Consequently, there is no full faith

and credit issue in the case, Kovacs v. Brewer, supra, and the complaint was properly dismissed.

It is proper also to observe that the rule of the *Southard* case clearly cannot be applied where the District Court could become enmeshed in factual disputes. As the decree sought to be enforced is one subject to modification, if appellant were to be permitted to prosecute this suit, the federal courts would inevitably be entitled to reexamine the Connecticut decree in the light of whatever changed circumstances might be alleged. In fact, a strong argument can be made to the effect that the wife here would be deprived of due process of law if a court which assumed jurisdiction over such a dispute refused to reexamine the merits of the original decree.[1] But it is just this reexamination in custody matters which is barred from the federal courts by In re Burrus, supra.

Finally, as noted by Judge Cooper below, it appears to be settled law that custody and visitation rights are incapable of being reduced to any pecuniary standard of value. Consequently, the action here does not meet the $10,000 jurisdictional amount required by both 28 U.S.C. Sections 1331 and 1332. Barry v. Mercein, 46 U.S. (5 How.) 103, 12 L.Ed. 70 (1847).

In the District Court the wife argued that this suit was patently devoid of merit and brought solely for the purpose of harassment. She, therefore, requested an award of counsel fees, but Judge Cooper denied the request. On this appeal she renews her request, particularly regarding the expenses of this appeal. While we have some sympathy for her position, we cannot say that this suit was brought in bad faith and we deny the application.

Affirmed.

1. For an excellent discussion of an analogous situation, see the opinion of Traynor, J. in Worthley v. Worthley, 44 Cal. 2d 465, 283 P.2d 19 (1955).