Ruth F. ZIMMERMANN

v.

Edward M. ZIMMERMANN.

Civ. A. No. 74–2835.

United States District Court,
E. D. Pennsylvania.

May 16, 1975.

Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for plaintiff.

John P. Gaudiosi, Pompano Beach, Fla., James L. Griffith, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

In 1965, while residing in Pennsylvania as husband and wife, plaintiff and defendant entered into two written contracts which required, *inter alia*, that defendant Edward M. Zimmermann pay plaintiff Ruth F. Zimmermann weekly installments for the maintenance, support and education of their three children, as well as for the support of plaintiff. The agreements were intended to be, and apparently were, incorporated in and made a part of the final decree of divorce which followed shortly after their execution. Following the divorce, defendant moved to the State of Florida where he currently resides.

Plaintiff, a citizen of the Commonwealth of Pennsylvania, has brought this suit basing jurisdiction on diversity of citizenship. Plaintiff alleges that defendant has failed to make payment to her of the sums to which he agreed in the two aforementioned contracts. She asks this Court to grant judgment against defendant for the unpaid amount ($16,211 plus continuing damages from October 31, 1974, to date of judgment) plus interest and costs.

Defendant moves to dismiss the complaint upon four grounds: first, that this "action is in the category of cases known as a domestic relations matter and as such is not within the subject matter jurisdiction of the Federal District Court and is an exception to [28] U.S.C. § 1332"; second, that the Court lacks personal jurisdiction over defendant; third, that the action is not within the subject matter jurisdiction of this Court because the amount in controversy is not in excess of $10,000, exclusive of interest and costs; and, finally, that the complaint fails to state a claim upon which relief can be granted. Alternatively, defendant moves, pursuant to Fed.R.Civ.P. 12(e), that plaintiff be required to file a more specific pleading. For the reasons stated below, this Court believes that defendant's motions to dismiss the complaint must be denied. However, plaintiff will be required to file a more definite statement.

■ While it is true that federal courts have traditionally left cases involving "domestic relations" to the purview of the state courts, a reflection more of deference to expertise within our system of federalism than of any question of inherent power, *Solomon v. Solomon,* 516 F.2d 1018 (3d Cir. 1975); *Spindel v. Spindel,* 283 F.Supp. 797 (E.D. N.Y.1968), there is growing authority for the view that ". . . a suit to enforce a separation or property settlement agreement could be maintained in federal court after the state court had resolved all the questions of the involved parties' status and obligations to one another and any children . . . ." *Solomon v. Solomon,* 373 F.Supp. 1036, 1037 (E.D.Pa.1974), *aff'd,* 516 F.2d 1018 (3d Cir. 1975); *Cain v. King,* 313 F.Supp. 10 (E.D.La.1970).

■ This Court feels no hesitation in assuming jurisdiction over the subject matter of this suit. There is no question of child custody involved, neither any pending state court action nor an agreement to litigate in the state courts, and no evidence that the federal and state court systems are being played off against each other by the parties. *Solomon v. Solomon,* 516 F.2d 1018, 1025 (3d Cir. 1975). What is presented is simply a dispute between two persons, who for over nine years have been divorced and living apart and between whom there have been no domestic relations, as to whether there has been compliance with two contracts existing between them.

Defendant's second argument for dismissal of the instant action is that the

Court lacks jurisdiction over his person due to there not having been any valid service of process upon him. Subject to a limitation to be discussed below, this Court agrees with plaintiff, however, that valid *in personam* jurisdiction was obtained over defendant pursuant to the "causing harm" provision of the Pennsylvania Long-Arm Statute, 42 Pa. S. § 8305 (Supp.1974).[1] Rule 4(e) of the Federal Rules of Civil Procedure specifically permits service of process upon non-resident individuals to be made in the manner prescribed by a statute of the state in which the District Court is located.

Before discussing more fully why this Court sustains as proper the service of process relied upon here, it should be noted preliminarily that our jurisdiction over plaintiff's claims is not as all-inclusive as plaintiff contends. In compliance with that most basic of rules applicable to controversies involving legislative enactments—namely, "read the statute!"—this Court has examined 42 Pa. S. § 8305 and discovered within it a limitation on the extent of plaintiff's

actionable claims in this proceeding. While neither party here has made reference to the fact, 42 Pa. S. § 8305 only validates service of process upon an individual in civil actions arising out of conduct causing harm "within this Commonwealth *on or after August 30, 1970.*" (Emphasis added.) Thus, while plaintiff's claims have not been tolled by the normal statute of limitations,[2] her reliance solely on § 8305 as the basis for valid service of process upon defendant effectively acts as a statute of limitations to bar any claim for a breach of the contracts in question which occurred prior to August 30, 1970.

This Court believes that the statutory language is clear on its face. Unlike the original "causing harm" section,[3] 42 Pa. S. § 8305 should not be read to validate service of process in suits based on injury resulting from acts which occurred prior to the date specifically mentioned in the statute. It is apparent that the difference in wording between 42 Pa. S. § 8305 and the statutory provision which it replaced, 12 P.S. § 343, was the result of a conscious effort to eliminate pre-

---

1. 42 Pa. S. § 8305 provides, in pertinent part:
"§ 8305. Causing harm by individuals
"Any nonresident of this Commonwealth who, acting outside of this Commonwealth, individually, under or through a fictitious business name, or through an agent, servant or employee, shall have caused any harm within this Commonwealth on or after August 30, 1970, shall be subject to service of process in any civil action or proceeding . . . arising out of or by reason of any such conduct. Service of process in any civil action or proceeding shall be effected through the Department of State as provided in this chapter."

2. The contracts in question are under seal and thus, as "specialties," are expressly omitted from the operation of the normally applicable statute of limitations found at 12 P.S. § 31. Claims arising out of these contracts are not tolled by the statute of limitations and, in addition, a presumption of payment arises only after twenty years have elapsed. *City of Philadelphia v. Lieberman,* 112 F.2d 424, 427 (3rd Cir.), *cert. denied,* 311 U.S. 679, 61 S.Ct. 48, 85 L.Ed. 438 (1940). If there were no jurisdictional problem present in this case, *any* failure by

defendant to make a payment due under the contracts would be cognizable as a valid part of plaintiff's claim.

3. The Pennsylvania Long-Arm Statute was originally codified at 12 P.S. §§ 341–346. These provisions were repealed and restated by Act of November 15, 1972, No. 271, 42 Pa. S. § 8301 *et seq.,* which became effective February 13, 1973. The predecessor of 42 Pa. S. § 8305 was 12 P.S. § 343. It provided:
"Section 343. Service upon nonresident acting outside Commonwealth.
"From and after the passage of this act, any nonresident of this Commonwealth who, acting outside of the Commonwealth, individually, under or through a fictitious business name, or through an agent, servant or employee shall have caused any harm within this Commonwealth, shall be subject to service of process in any civil action or proceedings instituted in the courts of the Commonwealth of Pennsylvania, arising out of or by reason of any such conduct; service of process in any such civil action or proceeding shall be effected through the Secretary of the Commonwealth as herein provided."

cisely that ambiguity. *See Sussman v. Yaffee,* 443 Pa. 12, 275 A.2d 364 (1971). If the statute were intended to permit service of process in cases where the conduct in question occurred prior to the specified date but the resulting harm continued into the covered period, we believe the Pennsylvania Legislature would have expressed that intent in clear and explicit terms. *Cf. McAndrew v. Burnett,* 374 F.Supp. 460, 463 (M.D.Pa. 1974).

Apart from this limitation inherent in the substituted service statute relied upon by plaintiff, this Court believes that valid *in personam* jurisdiction over defendant has been established in the present case. In determining a jurisdictional issue of this sort, two questions are presented: first, whether the conduct of the defendant is within the relevant provisions of the statute; and, second, assuming the statute is otherwise applicable, whether the exercise of personal jurisdiction over the defendant under the particular circumstances of this case complies with the constitutional requisite of due process of law. This Court believes that both of these questions must here be answered in the affirmative.

■ There can be no question that 42 Pa. S. § 8305 takes cognizance of economic harm, such as the type alleged here, as well as tortious injury. *Rosen v. Solomon,* 374 F.Supp. 915 (E.D.Pa. 1974); *Aamco Automatic Transmissions, Inc. v. Tayloe,* 368 F.Supp. 1283 (E.D.Pa. 1973). In fact, at least one Pennsylvania lower court has specifically sustained service of process under 12 P.S. § 343, the predecessor of 42 Pa. S. § 8305, see note 3 *supra,* in a suit brought against a non-resident ex-spouse by a plaintiff seeking money damages for breach of a property settlement agreement. *Truxal v. Truxal,* 64 Lanc.Rev. 19 (Lanc.Cty. Com.Pl.1973).

The only remaining question is whether the Due Process Clause would be violated by a finding that personal jurisdiction over defendant exists in the instant action. In *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), the Supreme Court expressed the standard by which to determine the answer to that question in the following terms:

" . . . [D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

■ This "minimum contacts" test is clearly met in this case. Both contracts here were negotiated and executed by the parties in Pennsylvania. Both parties were residents of Pennsylvania when the contracts were executed. Additionally, for over eight years, payments were mailed to plaintiff in Pennsylvania. *Truxal v. Truxal, supra,* 64 Lanc.Rev. at 22. Defendant purposefully availed himself of the privilege of conducting activities within Pennsylvania by executing these agreements, thus invoking the benefits and protections of its laws and making it reasonably foreseeable that any subsequent breach on his part would have consequences within the Commonwealth. There is a direct connection between the negotiation and execution of these agreements in Pennsylvania and plaintiff's cause of action to remedy the alleged defaults thereunder. *Rosen v. Solomon, supra* at 920.

Two additional factors lend weight to the conclusion reached here. Pennsylvania has a clear interest in providing a forum to its residents for the enforcement of contracts negotiated and executed within its borders. This is particularly true when the contracts being sued upon provide for the support of the plaintiff resident, an obligation which may fall upon the Commonwealth if the contracts go unenforced. Secondly, con-

sidering the relative inconvenience to the parties, it is no less convenient for defendant to appear in Pennsylvania to contest the allegations of the complaint than for plaintiff to pursue her remedy in Florida. Accordingly, the Court finds that the exercise of *in personam* jurisdiction over defendant in this case for any claim that a breach of the agreements occurred on or after August 30, 1970, will not conflict with the requirements of due process and that the motion to dismiss the complaint for lack of personal jurisdiction must be denied.

The Court also believes that plaintiff states a claim upon which relief can be granted. All that Fed.R.Civ. P. 8(a)(2) requires "is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L. Ed.2d 80 (1957). Plaintiff has alleged the contracts, breach of the contracts, resultant damages, and performance of her own contractual duties. This is enough to satisfy the requirements of Rule 8(a)(2). Plaintiff's claim is clear on the face of the complaint.

Defendant's final contention is that the $10,000 jurisdictional minimum of 28 U.S.C. § 1332 presents an obstacle to the assumption of subject matter jurisdiction by this Court. The general rule in the Third Circuit is that, before a case will be dismissed for failure to meet the jurisdictional amount requirement, it must appear to a legal certainty that the plaintiff cannot recover a sum in excess of $10,000. *Nelson v. Keefer*, 451 F.2d 289, 293 (3rd Cir. 1971).

Under normal circumstances, defendant's contention would not merit any extended discussion. There is no reason evident from the present record to doubt the good faith of plaintiff's claim for the relief sought. The amount in controversy would, therefore, be con-sidered to exceed the $10,000 jurisdictional floor. *Keyser v. Lyons Finance Service*, 88 F.Supp. 816, 818 (E.D.Pa. 1950). Defendant's denial of the claim against him does not put its good faith in question, but merely its validity.

In the instant case, however, we have indicated that personal jurisdiction over defendant extends only to claims arising on or after August 30, 1970. Plaintiff's complaint is not similarly limited to claims for alleged breaches of the contracts occurring on or after that date. There thus exists the possibility that a substantial portion of plaintiff's lump sum claim is based on breaches of the contracts for which this Court cannot grant relief. It is impossible to determine this issue presently because, pursuant to the simple notice pleading requirements of Fed.R.Civ.P. 8(a), plaintiff has not stated specifically in her complaint the dates of the breaches which she alleges.

Defendant has filed here a motion for a more definite statement under Fed.R.Civ.P. 12(e), in addition to his Rule 12(b) motions to dismiss. This Court believes that this case presents an appropriate situation in which to grant a Rule 12(e) motion. Plaintiff will be required to submit a more specific pleading which will sufficiently reveal to the Court and defendant whether the claims cognizable by this Court exceed the $10,000 jurisdictional minimum of 28 U.S.C. § 1332.

"[M]any courts have found it expedient to require claimants to state more fully matters relating to possible threshold defenses, even though the claim as originally pleaded was sufficiently definite to enable defendant to respond, which means that the pleading was not technically open to attack under Rule 12(e)." 5 *Wright & Miller, Federal Practice and Procedure: Civil* § 1376, at 744 (1969). *See Syan Holding Corp. v. Fidelity-Philadelphia Trust Co.*, 20 F.R.

D. 154 (E.D.Pa.1957); *O'Malley v. Wyoming Nat. Bank,* 15 F.R.D. 457 (M.D. Pa.1954).

Defendant's motion to dismiss will, at this time, be denied. After the more definite statement is served, defendant may, if he deems it advisable, renew his motion to dismiss the complaint on the ground that it then appears, from the complaint and the more definite statement, that this Court lacks jurisdiction over the subject matter of the action because the $10,000 jurisdictional amount requirement is not satisfied.