**Marlene BRENHOUSE, Plaintiff,**

v.

**Fred BLOCH, Defendant.**

**No. 75 Civ. 485.**

United States District Court, S. D. New York.

July 13, 1976.

As Amended July 22, 1976.

Brashich & Finley, New York City by Deyan Ranko Brashich, New York City, of counsel.

---

Lauritano, Schlacter, Staller & Winograd by Joel Winograd, New York City, of counsel.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Plaintiff has brought this motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure claiming that she is entitled to judgment in the amount of $28,240.43 as a matter of law on the ground that defendant breached a separation agreement pursuant to which he was obligated to pay certain sums for alimony and child support. Defendant responded that he had not breached the separation agreement and further, that this court does not have subject matter jurisdiction since plaintiff's claim involves matters of family law more properly litigated in state court.

We referred the motion to Magistrate Schreiber for the purpose of exploring whether a settlement could be achieved in this family dispute. Having been unsuccessful in effecting a settlement, Magistrate Schreiber, in a thorough and well-reasoned memorandum, recommended that we abstain from asserting our jurisdiction because we would necessarily have to become involved in questions of child custody and visitation rights, which federal courts traditionally have refrained from considering. Plaintiff replied with the contention that this action is merely for breach of contract and that questions of family status need not be considered.

■ We accept plaintiff's position so far as to consider her motion for summary judgment with close attention, on the theory that if that motion could be granted then the reasons prompting our abstention would be inapplicable. We have found, however, that defendant's affidavit raises substantial issues of material fact as to whether he breached the separation agreement, and as

a result we are constrained to deny plaintiff's motion.

■ The material issues of fact may briefly be stated as follows: Defendant concedes that the separation agreement provided that plaintiff have primary custody of the three children (whose age is not disclosed in the papers, although it does appear that one, having been Bar Mitzvahed, is at least 13); that the visit two of the children made to him in July of 1973 should have terminated on August 1, 1973; and that the visit did not then terminate, but that the two children stayed with him rather than return to their mother, and that as a result he reduced the amount of the monthly child support payments he sent to the plaintiff. Defendant contends, however, that the children's failure to return was their own decision and not his. Defendant further contends that he is now powerless to return the children in that the Arizona court (which concededly has power over their person) has directed that he retain custody over them.[1] There is also a dispute between the parties as to whether defendant is entitled to credit for certain money given by others to one of the children and withheld by the plaintiff.

There may or may not be merit in defendant's contentions, but they certainly raise issues of fact so that we are unable to grant summary judgment. *Heyman v. Commerce and Industry Insurance Co.* (2d Cir. 1975) 524 F.2d 1317; *Judge v. City of Buffalo* (2d Cir. 1975) 524 F.2d 1321. Moreover, a mere statement of these issues makes evident that any attempts to resolve them would involve us in the very type of controversy concerning family status from which we believe we should abstain.

■ Accordingly, we adopt the Magistrate's recommendation on the basis of the analysis set forth in his memorandum of June 2, 1976, a copy of which is annexed

---

1. If this case did not involve children, the Arizona court's action could be ignored. A party to an ordinary contract cannot excuse himself from performing it by getting some court to enjoin him. *Kamma Rippa Music, Inc. v. Schekeryk* (2d Cir. 1975) 510 F.2d 837, 842–43.

However, a father may well have duties to his children which supervene any contractual obligations, and in view of the Arizona court's decision, we must assume this to be such a case.

hereto and made a part hereof. Plaintiff's motion for summary judgment is denied, and defendant's motion to dismiss is granted on the ground that this court is without subject matter jurisdiction.

SO ORDERED.

## MAGISTRATE'S REPORT AND RECOMMENDATION

June 2, 1976.

SOL SCHREIBER, United States Magistrate.

In this action plaintiff sues for breach of a separation agreement and seeks damages in the sum of twenty-eight thousand two hundred forty and 43/100 dollars ($28,-240.43) for arrears in alimony and child support pursuant to the terms of the agreement.

Plaintiff and defendant were married on June 9, 1957 in New York. On January 28, 1970, the parties entered into a separation agreement in New York with provisions for alimony and child support. Plaintiff at that time had custody of the three infant children. On February 11, 1970, the parties were divorced pursuant to a decree incorporating the separation agreement. A subsequent agreement was executed by the parties on January 10, 1973. This agreement modified downward the alimony and child support provisions of the first agreement. The second agreement provided that, should the defendant breach said agreement, at the election of the plaintiff the second agreement would be considered null and void and the original agreement of January 28, 1970 would be automatically reinstated in full force and effect.

Plaintiff contends that several provisions of this second agreement were breached by the defendant and that plaintiff elected by letter to defendant on July 29, 1973 to have the first agreement reinstated. Plaintiff alleges that defendant breached the agreement in July, 1973 when he detained two of the children in Arizona. Thereafter, defendant obtained an order, entered September 4, 1973, from the Superior Court of Arizona granting custody of the two children to defendant and suspending the child support provisions of the agreement for the two sons. For the month of August, 1973 the defendant paid only one hundred dollars ($100), while the modification agreement required the payment of $300 per month.

Plaintiff contends that, upon the exercise of her option, the first agreement was reinstated and that, therefore, defendant is liable for the larger amounts specified in the first agreement. Alternatively, plaintiff argues that, should this Court find no breach in August 1973, the defendant breached the agreement in May 1974. At that time, defendant commenced paying $120 for support of the third child (who remained in custody of plaintiff) despite the fact that the modification agreement mandated the sum of $150.

The basis for jurisdiction alleged in the complaint is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of New York and defendant is a citizen of Arizona. The amount in controversy exceeds $10,000.

There is presently pending before this court a motion by plaintiff for summary judgment pursuant to Rule 56, F.R.C.P. which has been referred to the undersigned for a hearing and report by the Honorable Whitman Knapp. However, defendant's answer raises the critical question of subject matter jurisdiction of this court and this issue has been fully briefed by counsel for both sides.

Since it is the recommendation of the undersigned that the court decline to accept jurisdiction as set forth below, it is unnecessary to take up the summary judgment motion.

Domestic relations is an area in which the federal courts have traditionally declined jurisdiction though diversity and jurisdictional amount are present. The policy has been that divorce and related matters are not within the subject matter jurisdiction of the federal judiciary. The origin of this idea is founded in an early Supreme Court case, *Barber v. Barber*, (1859) 62 U.S. (32

How.) 582, 16 L.Ed. 226, in which the Court entertained a suit filed in federal court in Wisconsin by a wife residing in New York against her husband, who lived in Wisconsin. Her suit sought to enforce a decree of the New York state courts which granted her separation and alimony. Although the Court upheld the jurisdiction of the district court, it stated that federal courts do not have jurisdiction over divorce or alimony actions. This dictum has been frequently applied as the general rule.

The original ground for this judge-made exception is historical.

[T]he diversity statute granted jurisdiction of "suits of a civil nature in law or in equity" and it was thought that domestic relations cases and probate cases, being matters that would have been heard in ecclesiastical courts, did not fit this description. The 1948 Judicial Code substituted the term "civil action" for the phrase used in the older statutes, but the exceptions have persisted. Today the exceptions may be more rationally defined on the ground that these are areas of the law in which the states have an especially strong interest and a well-developed competence for dealing with them. Wright, Federal Courts § 25, at 84 (2d ed. 1970).

Of course, federal courts have retained jurisdiction over certain cases related to the area of domestic relations. The cases are sometimes explained on the basis of "status" and "property." The courts have generally declined to exercise their jurisdiction over actions involving questions of marital status. However, they sometimes retain jurisdiction when a case involves only the property rights of members of a family where no determination of status is required. See Vestal and Foster, Implied Limitations on the Diversity Jurisdiction of Federal Courts, 41 Minn.L.Rev. 1 (1956).

Another explanation of the cases has been that the federal courts will not exercise jurisdiction except where necessary to enforce prior state court judgments involving the same matters. See *Solomon v. Solomon* (3d Cir. 1975) 516 F.2d 1018, 1024.

Cases involving child custody and visitation rights have been uniformly rejected by the courts. *In re Burrus* (1890) 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500. The Supreme Court in *Burrus* stated that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." At 593–94, 10 S.Ct. at 853.

This circuit has upheld the jurisdiction of the federal courts in an action for a declaratory judgment involving the validity of a divorce decree. *Southard v. Southard* (2d Cir. 1962) 305 F.2d 730. The court there stated that there was no reason not to determine the controverted status of the parties and that, since the requirements of the statute had been met (diversity and jurisdictional amount), the court should take jurisdiction. It should be noted that, while the basis of jurisdiction was diversity, the case involved a question of full faith and credit. Additionally, the case was disposed of on *res judicata* grounds.

However, the court in *Hernstadt v. Hernstadt* (2d Cir. 1967) 373 F.2d 316, affirmed the district court's dismissal of an action on the basis of lack of subject matter jurisdiction. The plaintiff there sought a declaratory judgment construing the custody and visitation provisions of a Connecticut divorce decree. The lower court had dismissed on two grounds:

1) lack of monetary amount for diversity and 2) the long-standing policy of the federal courts to decline jurisdiction in matrimonial actions.

Specifically, the court noted the policy of the federal courts to decline to adjudicate cases involving the custody of minors (citing *In re Burrus, supra*). The court declined to apply the rule of *Southard,* supra, stating that it could not be applied where the district court could become enmeshed in factual disputes. *Hernstadt,* at 318.

In the case at bar, although the plaintiff alleges breach of a contract and seeks money damages, the controversy also involves custody and visitation rights. In fact, the act of the defendant which allegedly

breached the second contract, thereby reinstating the first agreement, was the defendant's retention of two of the children who were visiting with the defendant. Thus, it is apparent that visitation and custody matters are at least indirectly involved in this action. If the District Court retains jurisdiction, it would certainly become embroiled in factual disputes involving custody and visitation rights, a situation the court sought to avoid in *Hernstadt.*

It has been held that suit can be brought in federal court to collect unpaid alimony under a state decree. *Richie v. Richie* (E.D. N.Y.1960) 186 F.Supp. 592; *Zimmerman v. Zimmerman* (E.D.Pa.1975) 395 F.Supp. 719. However, both of the cited cases involved the simple question of unpaid installments under separation agreements incorporated into divorce decrees. In fact, the court in the *Zimmerman* case seemed to indicate that part of the reason it did not hesitate to assume jurisdiction was that there was no question of child custody involved. *Zimmerman, supra,* at 721. As stated, the present case involves not only alimony, but child support, and the alleged breaches of the agreement include, besides the failure to comply with monetary provisions, the failure to honor the custody provisions of the agreement.

Although the entire policy of abstention in matrimonial cases has been criticized,[1] this Circuit has consistently confirmed its approval of the policy. See *Phillips, Nizer, Benjamin, Krim, and Ballon v. Rosenstiel* (2d Cir. 1973) 490 F.2d 509; *Kamhi v. Cohen* (2d Cir. 1975) 512 F.2d 1051; *Mendez v. Roman* (2d Cir. 1976) 530 F.2d 457.

In *Rosenstiel,* Judge Friendly stated ". . . there is particularly strong reason for abstention in cases which, though not within the exceptions for matters of probate and administration or matrimony and custody actions, are on the verge . . ." *Supra,* at 516. Though the court in *Rosenstiel* upheld the jurisdiction of the district court, it stated that, had the de-

fendant made a timely motion for a stay pending plaintiff's initiating appropriate proceedings in the New York courts, the judge should have granted it. The court indicated that, even if the dictum in *Barber v. Barber,* 62 U.S. (21 How.) 582, 16 L.Ed. 226, does not bar federal jurisdiction in a case, the district court should not necessarily adjudicate the action. Several factors in the case were enumerated which led the court to conclude that the case was particularly inappropriate for the invocation of federal jurisdiction. One of these was the "anomaly of a jurisdiction intended to protect out-of-staters against local prejudice being invoked by an instater . . ." *Supra,* at 515. This situation exists in the present case, where plaintiff is a citizen of New York. Another, more important, factor is similar in both cases. The court in *Rosenstiel* pointed out that the case required the interpretation of an area of state law in which the federal court was unfamiliar whereas the New York courts dealt with the same type of question frequently. In the present case, this is also true.

Even assuming this case is not clearly within the scope of the exception relating to divorce and alimony, it certainly "verges" on the matrimonial. If the court were to assume jurisdiction, it would have to decide whether and when the contract was breached. Under the facts of this case, this issue depends on questions of child custody and visitation rights. Therefore, despite the fact that the requirements of the diversity statute may have been met by the plaintiff in this case, the court should decline to exercise its jurisdiction.

For the foregoing reasons, the plaintiff's action should be dismissed for lack of subject matter jurisdiction.

---

1. See, e. g. Judge Weinstein's learned opinion in *Spindel v. Spindel* (E.D.N.Y.1968) 283 F.Supp. 797.