Gary A. FANELLI

v.

BODYSCIENCE, INC.

Civ. A. No. 82–0243.

United States District Court, E. D. Pennsylvania.

June 7, 1982.

Walter Phillips, Philadelphia, Pa., for plaintiff.

Leonard Barrack, Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

Defendant moves to dismiss, asserting lack of personal and subject matter jurisdiction. Plaintiff, Gary Fanelli, is a widely-known runner. He alleges that defendant used his name without authorization in national advertisements promoting a nutrient supplement called dimethylglycine or "DMG". Plaintiff seeks damages for misappropriation of the property right he has in the commercial value of his name. Defendant argues that because it is a foreign corporation with no direct dealing with the Commonwealth of Pennsylvania it does not have sufficient minimum contacts with the forum to meet the due process requirements for personal jurisdiction. Defendant also alleges that the amount in controversy is less than the $10,000 necessary for subject matter jurisdiction.

The defendant, BodyScience, Inc., placed the advertisements in at least two nationally-circulated publications, *Gentleman's Quarterly* and *The Star.* Both can be purchased at newsstands in Pennsylvania. Defendant is a New York corporation with its principal place of business in New York. It concedes that it used plaintiff's name in advertisements published [1] in Pennsylvania but argues that this alone is insufficient to give jurisdiction to a federal court sitting in Pennsylvania. The issue is whether the fact of publication alone is sufficient to

1. " 'Publish' is used as a legal term of art, as in the law of libel, to mean the act of public misappropriation, dissemination or communication to one or more persons."

satisfy the due process requirements of personal jurisdiction.

■ Two threshold requirements must be met for a federal court to assert personal jurisdiction over a non-resident in a diversity case: the alleged wrong must be within the forum state's long-arm statute and the assertion of in personam jurisdiction must not violate defendant's constitutional right of due process. *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The applicable Pennsylvania long-arm provision permits Pennsylvania to assert jurisdiction over a person "causing harm or tortious injury by an act or omission in this Commonwealth." Pa. Cons.Stat.Ann. Tit. 42 § 5322(a)(3) (Purdon 1981). Defendant concedes that publication occurred in Pennsylvania, thus placing the alleged tort within the reach of the long-arm statute.

The second jurisdictional issue is the central question of the motion: whether the defendant's due process rights would be violated by the assertion of personal jurisdiction in Pennsylvania. Pennsylvania's personal jurisdiction statute is written so that it conforms to shifting constitutional interpretation by providing that jurisdiction over non-resident corporate defendants may be "based on the most minimum contact allowed under the Constitution of the United States", provided that the cause of action arises from contacts with the state. Pa. Cons.Stat.Ann. Tit. 42 § 5322(b), (c) (Purdon 1981). However, the limits on the constitutional exercise of in personam jurisdiction over non-resident defendants remain unclear. As Judge Pollak has noted in a recent opinion, trial courts "can derive only limited help from previously decided cases, since the constitutional inquiry is so often shaped by particular facts that the conclusions drawn from one setting are rarely transferable to another." *Strick Corp. v. A.J.F. Warehouse Distributors, Inc.*, 532

F.Supp. 951, 955 (E.D.Pa.1982). The constitutional question here is whether the act of placing an advertisement in a nationally distributed magazine sold in Pennsylvania satisfies the minimum contacts due process requirements of *International Shoe.*

Minimum contact analysis serves two purposes: fairness and federalism. It is designed to "protect the defendant against the burdens of litigating in an inconvenient forum", and to "ensure that States through their courts do not reach out beyond in the federal system." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980).[2]

The fairness criterion, first described in *International Shoe* as consistency with "traditional notions of fair play and substantial justice," has been variously defined. The focus is on the relationship between the defendant, the forum, and the litigation, *Rush v. Savchuk*, 444 U.S. 320, 327, 100 S.Ct. 571, 576, 62 L.Ed.2d 516 (1980); *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977), and on whether the defendant "purposely availed" himself of the privilege of conducting activities within the state, thus invoking the benefits and protections of the state's laws, *Hanson*, 357 U.S. at 253, 78 S.Ct. at 1239. The chief concern is whether a non-resident defendant had fair notice that he might be subject to suit in the forum so that "he should reasonably anticipate being haled into court there." *Volkswagen*, 444 U.S. at 297, 100 S.Ct. at 567. *Hanson* and its recent progeny suggest the following tests. First, who initiated the significant contact between the litigation and the forum? Was it plaintiff's unilateral conduct, or did the defendant initiate some contact with the forum? *Strick*, 532 F.Supp. at 958. Second, once it is determined that the defendant did have some forum contacts, did the defendant purposely avail itself of the privilege of

2. Minimum contact analysis applies in this case because the alleged injury was forum-related, i.e., the alleged injury occurred within Pennsylvania. *Hanson v. Denkla*, 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283 (1958). This test is distinct from the "continuous and sub-stantial" analysis or "contact counting" test which is applicable when the injury is non-forum-related. *Schwilm v. Holbrook*, 661 F.2d 12, 14 (3d Cir. 1981); *Paolino v. Channel Home Centers*, 668 F.2d 721, 724 (3d Cir. 1981).

doing business in the forum state, so that the possible need to invoke the benefits and protection of the forum's laws was reasonably foreseeable? This test can be phrased in a variety of ways. Did the defendant actively or passively initiate the forum contacts? Were the contacts deliberate or fortuitous? *Product Promotions, Inc. v. Costeau*, 495 F.2d 483, 496 (5th Cir. 1974). Did the defendant know or have reason to know that its actions would result in transactions in the forum? Third, did the defendant show any substantial hardship or inconvenience that would result from being required to appear in the forum? The aim of these tests is to protect a wholly passive defendant from being forced to appear in an inconvenient forum on the basis of contacts it did not initiate. *Strick*, 532 F.Supp. at 958.

■ Applying these tests to the present case, I conclude that the exercise of personal jurisdiction over defendant BodyScience does not violate due process standards of fairness. First, defendant initiated contact with Pennsylvania by placing the advertisement in two publications with national distribution for the purpose of soliciting customers in Pennsylvania as well as in other states. Defendant knew, in fact it was its purpose, to inject the advertisement into national commerce. For that reason it chose two publications, *The Star* and *Gentleman's Quarterly*, with wide distribution and broad appeal. Both are available at newsstands in Pennsylvania. Second, defendant's contacts with Pennsylvania were neither fortuitous nor passive given the nature of national advertising, the intent one can impute to a company that uses it, and the defendants real or constructive knowledge of where the plaintiff resides. This last point requires some explication. It is

reasonable to assume that because defendant used Mr. Fanelli's name that defendant knew or should have known that Fanelli lives in Pennsylvania. A defendant should expect to be sued in the state where the injured party is a citizen and where the tort allegedly occurred. In sum, the contacts were at the very least forseeable, if they were not in fact deliberate. The facts of this case are similar to a Fifth Circuit case in which personal jurisdiction over a foreign corporation which placed false advertisements in journals published and distributed in Florida was upheld in a suit brought *inter alia* under the Lanham Act. *Bangor Punta Operations Inc. v. Universal Maine Co., Ltd.*, 543 F.2d 1107, 1110 (5th Cir. 1976).[3] Third, defendant makes no showing of hardship or inconvenience in being forced to litigate the case in Pennsylvania. For the reasons stated it is not unfair for Body-Science to be subject to this court's jurisdiction.

The federalism criterion, resurrected in *Volkswagen*, is designed to ensure that the states respect their status as co-equal sovereigns within the federal system. *Volkswagen*, 444 U.S. at 292, 100 S.Ct. at 564. The Third Circuit has refined this requirement by focusing "on the nature of the claim and the forum's particular interest in asserting it." *Paolino*, 668 F.2d at 725. Pennsylvania has a clear interest in resolving a dispute involving a citizen alleging misappropriation of his name and invasion of his privacy occurring at least in part in Pennsylvania. Therefore, I conclude that the federalism criterion has been met.

■ Defendant's second basis for seeking dismissal is that plaintiff's prayer for relief does not and cannot meet the amount-in-controversy minimum for subject matter

---

**3.** A consistent line of cases in the Fifth Circuit upholds jurisdiction over non-resident defendants who print a libel in one state which is distributed and sold in the forum state. *E.g. Rebozo v. Washington Post Company*, 515 F.2d 1208 (5th Cir. 1975); *Curtis Publishing Co. v. Golino*, 383 F.2d 586 (5th Cir. 1967); *See Buckley v. New York Post Corporation*, 373 F.2d 175 (2d Cir. 1967). Jurisdiction was found even though First Amendment considerations require a greater showing of contact to satisfy

the due process clause than is necessary when asserting jurisdiction over defendants against whom other types of tortious activity are alleged. *New York Times v. Connor*, 365 F.2d 567, 572 (5th Cir. 1966), *Buckley*, 373 F.2d at 182. The analogy is a clear one. If publication of libel renders a defendant subject to jurisdiction everywhere the libel is published, then publication of an invasion of privacy should also create sufficient contact with the forum where the publication occurs.

jurisdiction. The leading case on the jurisdictional minimum prescribes a two-pronged test in which (1) "the sum claimed by the plaintiff controls if the claim is apparently made in good faith", and (2) "it must appear to a legal certainty that the claim is really far less than the jurisdictional amount to justify dismissal". *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 288, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Under this test defendant's challenge is without merit, since there is no reason to doubt plaintiff's bona fides and it is not clear to a legal certainty that plaintiff cannot recover a sum in excess of $10,000. Mr. Fanelli is a well-known runner whose name may have substantial commercial value. He should be allowed to plead and prove his case. *Nelson v. Keefer*, 451 F.2d 289, 292 (3d Cir. 1971); *Zimmerman v. Zimmerman*, 395 F.Supp. 719, 724 (E.D.Pa.1975).

