**Lloyd F. SILVA, Plaintiff,**

v.

**Carol D. SILVA, Defendant.**

**Civ. A. No. 87–C–1391.**

United States District Court, D. Colorado.

Feb. 29, 1988.

Stevens P. Kinney, II, Englewood, Colo., for plaintiff.

Roger L. Simon, Denver, Colo., for defendant.

## ORDER

CARRIGAN, District Judge.

Plaintiff Lloyd F. Silva commenced this action alleging that the decision of a New Mexico state district court in a divorce-related proceeding violated his federal statutory rights. Jurisdiction is alleged to exist under 28 U.S.C. §§ 1331 and 1332. These facts are alleged by the complaint: Plaintiff was on active duty with the United States Air Force from 1960 to 1985. From before 1980 to 1985 the plaintiff was stationed at the United States Air Force base in Albuquerque, New Mexico. During that time, he filed an action for dissolution of marriage in the New Mexico District Court for Bernalillo County. That state court, in January 1980, issued a final Decree of Dissolution of Marriage that provided, among other things, that the defendant Carol D. Silva be awarded "her community share of the petitioner's retirement pension with the U.S. Air Force...." (Para. 3.3.)

Plaintiff was terminated from active duty in May 1985 with a medical disability as a result of which he was considered physically unfit pursuant to 10 U.S.C. § 1202. At the time of the plaintiff's separation from active duty, his medical disabil-

ity pay was calculated as $2,470.00 per month by the Air Force.

On March 17, 1986, after the plaintiff had left the Air Force, the state district court entered an order directing the plaintiff to pay to the defendant the sum of $823.33 per month from his "retirement" pay. Plaintiff insists that the district court's order was wrong because he did not receive retirement pay from the Air Force. Rather, he states, he was awarded disability pay not subject to distribution or division by a state court.

The complaint further alleges that on March 27, 1986, the New Mexico state court set aside its previous order because of its determination that federal law prohibits a state court from awarding military disability pay to a former military spouse. (Para. 3.12.) On November 12, 1986, however, the state court reinstated its March 17 order directing the plaintiff to pay to the defendant $823.33 per month. (Complaint, para. 3.13.) This court has been furnished no further explanation of the New Mexico's court's decision to reinstate the March 17 order. Plaintiff did not appeal the November 12 state court order.

Plaintiff argues that the November 12 order is void and unenforceable under 10 U.S.C. § 1408(a)(4) because his "pay from the United States Air Force is due to his medical disability and is not retirement pay subject to disposition by state court order." (*Id.* at para. 3.14.)

The applicable statute, 10 U.S.C. § 1408(a)(4), defines "disposable retired or retainer pay" to include the total monthly retired or retainer pay to which a member is entitled *other than the retired pay of a member retired for disability* under Chapter 61 of this title (10 U.S.C. section 1201, *et seq.*)" (Emphasis added.) The regulations provide that "[i]n a case of a division of property, the court order must specify that the payment is to be made from the member's disposable retired pay." 32 CFR § 63.3(e).

In January 1986, the defendant filed in the Colorado District Court for Jefferson County an action requesting the court to accept and enter as an order of the Colorado court, the November 12 New Mexico court order, and specifically requesting arrearage payments. The Colorado court entered judgments in favor of the defendant and against the plaintiff in the amount of $9,879.96 and in the amount of $3,293.00 in April 1987. Plaintiff requests that I restrain the defendant from further attempting to enforce the New Mexico court judgment, and that I order the defendant to return the money she has received as a result of the Colorado court's enforcement of the New Mexico court's judgment.

Defendant has filed a motion to dismiss under Fed.R.Civ.P. 12, alleging that: (1) this court lacks subject matter jurisdiction; and (2) venue is improper in this district. For the reasons stated below, I conclude that subject matter jurisdiction does not exist over this matter, and that even if jurisdiction existed, venue is improper in this district.

### A. *Jurisdiction.*

In reviewing the sufficiency of a complaint when tested by a motion to dismiss, the court must accept as true the complaint's allegations and view them in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The complaint must stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

### 1. *Diversity Jurisdiction.*

Plaintiff is correct in his assertion that federal courts may have federal question and diversity jurisdiction over disputes arising out of a divorce. In *Zimmerman v. Zimmerman,* 395 F.Supp. 719 (E.D.Pa. 1975), the plaintiff sued to recover support payments allegedly due under contracts incorporated in a divorce decree. The court denied a motion to dismiss for lack of jurisdiction, reasoning:

" 'While it is true that federal courts have traditionally left cases involving "domestic relations" to the purview of the state courts, a reflection more of deference to expertise within our system

of federalism than of any question of inherent power, ... there is growing authority for the view that ... a suit to enforce a separation or property settlement agreement could be maintained in federal court after the state court had resolved all the questions of the involved parties' status and obligations to one another and any children....' " *Id.* at 721 (citations omitted).

Important to the *Zimmerman* opinion was the absence of: (1) a question of child custody; (2) a pending state court action; (3) an agreement to litigate in state courts; and (4) evidence that the federal and state court systems were being played off against each other by the parties. The court stated: "What is presented is simply a dispute between two persons, who for over nine years have been divorced and living apart and between whom there have been no domestic relations, as to whether there has been compliance with two contracts existing between them." *Id.* *See Fehlhaber v. Fehlhaber,* 664 F.2d 260 (11th Cir.1981) (court had diversity jurisdiction in action involving enforcement of former spouse's maintenance award).

Notably, however, the instant case is distinguishable from *Zimmerman.* While the present case involves neither a child custody dispute nor an agreement to litigate in state court, it does involve state court decisions that were not appealed by the plaintiff, and apparently involves an attempt by the plaintiff to play off the federal court against the state courts, seeking to trump the latter with the former. Moreover, unlike in *Zimmerman,* the dispute here does not involve enforcement of a contract.

Thus the complaint fails to allege adequately the existence of diversity jurisdiction.

### 2. *Federal Question Jurisdiction.*

■ Defendant argues that dismissal is mandated because "the federal courts have no original jurisdiction in matters involving domestic relations." (Motion, at 1.) Plaintiff's response is that this case is not about divorce proceedings. Rather, he asserts, it is an attempt to seek relief from a state court judgment that violates federal law, namely 10 U.S.C. § 1408.

In reply, the defendant argues that "[a] case does not arise under federal law when the federal question is an anticipated defense to a state lawsuit nor is a federal defense transformed into a federal cause of action by assertion of a claim for defensive declaratory relief." (*Id.* at 2.) Defendant correctly states the law. In *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), the Court held that it is not enough to support federal question jurisdiction that the plaintiff alleges some anticipated defense to his claim for relief, and then alleges that the defense is invalidated by federal law.

Defendant, however, wrongly applies the *Mottley* decision to the facts of this case. This is not a case where a plaintiff asserts federal question jurisdiction based on an anticipated defense. Rather this case is analogous to the situation where a plaintiff sues in federal court alleging that a state court decision violated his First Amendment rights under the United States Constitution. In both the example and the instant action, the plaintiff is asserting that a state court has violated a federal right.

Yet the inquiry of whether or not federal question subject matter jurisdiction exists does not end there. Rather, I find it relevant that the plaintiff had the opportunity to appeal both the New Mexico and Colorado state court decisions but did not. Plaintiff instead appears to be asking this court, in effect, to review those state court decisions, or to entertain a collateral attack on those state judgments.

In *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1982), the Court stated the rule that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in this Court." *Id.* at 482, 103 S.Ct. at 1315. *See Doe v. Pringle,* 550 F.2d 596 (10th Cir.1976), *cert. denied,* 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977), (federal court lacked subject matter jurisdiction in civil rights action to review final

order of state court denying application for admission to bar, even though challenge was anchored to alleged deprivation of federally protected due process and equal protection rights).

*Sutton v. State of Ohio,* 787 F.2d 593 (6th Cir.1986) (text in WESTLAW), is similar to the present action. There, the plaintiff sued the State of Ohio and several individuals in federal district court under 42 U.S.C. § 1983, alleging that they deprived him of procedural due process by misinforming him regarding a hearing scheduled in his divorce action. When the plaintiff arrived for the hearing, it was already over and the divorce had been granted. In his federal action, the plaintiff did not challenge the divorce itself. Rather, he claimed that the state court hearing deprived him of property accumulated during his marriage. The federal district court dismissed his complaint sua sponte.

The Sixth Circuit in *Sutton* reversed and remanded the district court's dismissal of the complaint. On remand, the defendants moved to dismiss on the grounds of immunity, lack of jurisdiction, and failure to state a claim. The case was then referred to a magistrate who recommended that the complaint be dismissed as seeking appellate review of a state decision or an attempt to invoke federal jurisdiction in a domestic relations case. The district court adopted the magistrate's report and dismissed the complaint. This time, the Sixth Circuit affirmed. The court reasoned that "[t]he district court correctly held that federal courts have no jurisdiction to review decisions of the state courts." *Id.*

Sutton had argued that he was not attempting to appeal the state decision but rather was alleging deprivation of property without due process. In response, the Sixth Circuit stated that "[t]o state a claim for relief under 42 U.S.C. § 1983 for deprivation of property without procedural due process, the plaintiff must allege and prove that state remedies are inadequate," and that the plaintiff had not alleged that the state remedies were inadequate. *Id.* The Sixth Circuit further reasoned that *"[t]he record does not show that plaintiff ap-*

*pealed the decision in the divorce action."* *Id.* (Emphasis added.)

The Sixth Circuit's reasoning in *Sutton* is pertinent and persuasive in the present action. Plaintiff here is seeking federal court review of New Mexico and Colorado state court decisions. Additionally, as in *Sutton,* the record in this case does not show that the plaintiff appealed the state court decisions. Plaintiff could have appealed those decisions in efforts to eventually obtain review by the United States Supreme Court. Additionally, he could have attempted to remove the New Mexico state court action to federal court.

He cannot now obtain federal court review of final state court decisions by filing an independent action in federal court. *See Feldman, supra.* Furthermore, permitting the plaintiff to obtain federal court jurisdiction now would nullify the state court plaintiff's choice of forum. Thus I conclude that I have no jurisdiction to review the state court decisions.

### B. *Venue.*

■ Alternatively, the defendant contends that venue is improper in this district because: (1) neither party resides in Colorado; and (2) "the claim on which this action is based arose, if at all, in a judicial district other than where this action is brought."

Under 28 U.S.C. § 1391(a), "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." In contrast, 28 U.S.C. § 1391(b) provides that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."

In the instant case, venue is proper in Colorado only if the claim arose in this district. It matters not whether jurisdiction is founded solely on diversity of citizenship because even taking the complaint's allegations of residency as true, neither party resides in Colorado. True,

the plaintiff, in his response to the motion to dismiss, asserts that he "initiated this action while a resident of the State of Colorado, although he now resides in the state of Alabama." (Response, at 4.) This language, however, is in direct conflict with the language in paragraph 1.1 of the complaint: "The plaintiff, Lloyd P. Silva, has been a resident of Jefferson County, State of Colorado, *but currently is a resident of* Morgan County, State of *Alabama.*" (Emphasis added.) Thus by the plaintiff's own admission, he was an Alabama resident when he initiated this action.

Determination of where "the claim arose" for purposes of federal venue under § 1391 is a federal question whose answer depends on federal law. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183 n. 15, 99 S.Ct. 2710, 2716 n. 15, 61 L.Ed.2d 464 (1979); *Miceli v. Stromer*, 675 F.Supp. 1559 (D.Colo.1987). The prevailing test for venue under the "claim arising" provision is whether a substantial portion of the acts giving rise to the plaintiff's claim occurred in this district. *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 573 F.Supp. 1106, 1112 (D.Mass.1983), *aff'd*, 743 F.2d 947 (1st Cir.1984); *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C.Cir.1978). In applying this test the court must also consider the availability of witnesses, the accessibility of other relevant evidence and the convenience of the defendant. *Johnson*, at 1112. The correct approach to venue under the "claim arising" provision of § 1391 "must both consider litigative efficiency and examine whether the acts which occurred in the district and gave rise to the plaintiff's claims were substantial." *Id.* at 1113. *See Mansfield v. Orr*, 545 F.Supp. 118 (D.Md. 1982) (generally, claim arises where the injury occurs).

Although the issue is not entirely clear, I conclude that the plaintiff's claim did not arise in the district of Colorado for venue purposes. Plaintiff contends that venue is proper in this district because of the suit brought by the defendant in Jefferson County, Colorado, to enforce the New Mexico state court judgment. I conclude, however, that this contact is not sufficient to support the argument that the claim arose in Colorado. Interestingly, the plaintiff did not address the "claim arose" requirement in his response brief.

The substantial act giving rise to the plaintiff's claims occurred in New Mexico when the state court judge ruled that the defendant was entitled to a portion of the plaintiff's disability payments. The Colorado state court merely enforced that judgment as a matter of comity. Furthermore, the plaintiff has failed to allege that litigation of his claims in Colorado would either enhance judicial efficiency or be convenient or economical to either party. Certainly, the defendant would be inconvenienced by being forced to litigate this case in Colorado.

The essence of this case is a marital dispute over a New Mexico state judgment between an Alabama resident and a Massachusetts resident. Thus I find and conclude that the claim did not arise in Colorado, and, therefore, venue is not proper in this district.

Accordingly, IT IS ORDERED that:

(1) Defendant's motion to dismiss for lack of jurisdiction is granted;

(2) Defendant's motion to dismiss for improper venue is granted; and

(3) Plaintiff's complaint and this action are dismissed.