**MICROTRAN COMPANY, INC.,**
**Plaintiff,**

v.

**MIDCOM, INC., Defendant.**

**No. 76 C 514.**

United States District Court,
E. D. New York.

June 14, 1976.

Bert K. Leffert, Mineola, N.Y., Paul S. Rosensweig, Brookville, N.Y., for plaintiff.

Nims, Howes, Collison & Isner, New York City, for defendant.

Dorsey, Windhorst, Hannaford, Whitney & Halladay, Minneapolis, Minn., of counsel, for defendant.

BRUCHHAUSEN, District Judge.

This action was commenced by a corporation, organized and doing business pursuant

---

to the laws of the State of New York, against a foreign corporation, organized and doing business pursuant to the laws of the State of Minnesota. The action is one alleging violations of the federal copyright laws.

The defendant prior to interposing its answer moves for an order dismissing the action for lack of proper venue and personal jurisdiction or, in the alternative, to transfer to the District Court of Minnesota.

The basis of plaintiff's jurisdiction is pursuant to the Long-Arm Statute, CPLR Sect. 302(a)(3)(ii). The instant action, commenced by service upon the defendant in Minnesota pursuant to said section permits the exercise of jurisdiction over a non-domiciliary where he commits:

"3. * * * a tortious act without the state causing injury to person or property within the state, * * * if he

"(i) regularly does or solicits business, or engages in any other persistent cause of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

"(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."

Venue for copyright actions is governed by 28 U.S.C. § 1400(a) which provides:

"Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant or his agent resides or may be found."

In *Kogan v. Longstreet*, 374 F.Supp. 47, the court held in part at page 50:

"As a practical matter, the test for determining whether a non-resident corporation or its agent is 'found' within a district, pursuant to 28 U.S.C. § 1400(a), is the same as that for determining whether a corporation is amenable to suit in a jurisdiction other than that in which it is incorporated. Cases cited."

The court further held in part at pages 50–51:

"It has also been recognized that the copyright statute does not require a stronger finding of presence with its reference to 'may be found' than is usually required in order to obtain jurisdiction over a corporate defendant. *Boltons Trading Corporation v. Killiam*, 320 F.Supp. 1182 (S.D.N.Y., 1970). In other words, the standard is the same whether jurisdiction is determined with reference to the relevant state long-arm statute or with reference to the copyright statute."

■ In the case at bar, the pleadings and exhibits establish that the plaintiff has fulfilled the elements of CPLR Sect. 302(a)(3)(ii).

The allegations of a tortious act, namely pirating of copyright material without the state, causing injury within the state. Defendant apparently derives substantial revenue from interstate if not from international commerce, but denies its expectation of forum consequences.

In *Gonzales v. Harris Calorific Co., Inc.*, 64 Misc.2d 287, 315 N.Y.S.2d 51, the court held in part at page 56:

" * * * It must be noted that there need be no connection between the tortious act and the deriving of substantial revenues from interstate or international commerce. Nor need the defendant foresee the specific injury-producing event within the state. * * * It is manifest that defendant should have foreseen forum consequences of its alleged tortious act."

■ The court having concluded that in personam jurisdiction properly exists, and venue is properly in the Eastern District, the court must now decide if this action be transferred to the District Court of Minnesota.

The movant alleges that transfer should be granted because it would be more convenient for the defendant.

It is well settled that a plaintiff's choice of forum must be given substantial weight and will not be disturbed unless the balance

of convenience and the interest of justice weighs heavily in favor of the defendant. *Lykes Brothers Steamship Co. v. Sugarman,* 2 Cir., 1959, 272 F.2d 679. See also *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. Transfer would merely shift the inconvenience to the plaintiff. The movant has failed to satisfy the requirements for transfer, and, therefore, the motion is denied.

The court denies the motion to dismiss or to transfer.

The defendant is directed to interpose its answer within fifteen (15) days from the filing of this opinion.

A pre-trial conference is scheduled for October 21, 1976 at 10 A.M.

It is so ordered.