Deborah Jean KILDUFF, an infant under the age of eighteen, by Elaine Garafola, her guardian ad litem, and Audra Lynn Kilduff, an infant under the age of eighteen, by Elaine Garafola, her guardian ad litem, and Elaine Garafola, Individually, Plaintiffs,

v.

Eugene O. KILDUFF and Anna Kilduff, Defendants.

No. 78 CIV 4641 (LBS).

United States District Court,
S. D. New York.

Feb. 21, 1979.

Arens & Colton, New York City, David Arens, New York City, of counsel, for plaintiff.

Francis M. DeCaro, New York City, for defendants.

## OPINION

SAND, District Judge.

Defendants have moved to dismiss the complaint on "any or all of the following grounds:

(a) Forum Non-Conveniens

(b) Failure to state a claim against defendants upon which relief can be granted

(c) Lack of subject matter jurisdiction."

The plaintiffs allege no less than 13 causes of action and invoke the jurisdiction of this Court based upon diversity of citizenship. The plaintiffs are Elaine Garafola, who has been divorced from the defendant Eugene Kilduff and has remarried, and her two infant children. The defendants are the ex-husband of Elaine Garafola and his mother. The causes of action alleged are based upon false imprisonment of the infant plaintiffs, breach of a "Property and Custody Agreement", deprivation of lawful custody of her daughters suffered by the plaintiff, Elaine Garafola, and the refusal of the defendant, Eugene Kilduff, to advise the plaintiff-mother of the children's whereabouts and wrongful participation by the defendant, Anna Kilduff, in assisting the defendant, Eugene Kilduff, to violate the provisions of a state court judgment awarding custody to the mother.

It appears from the affidavit of defendants' counsel submitted in support of the motion that the present controversy arises out of an occasion in July and August, 1978 upon which the defendant, Eugene Kilduff, took the children with the wife's consent to Disneyworld, Florida, and did not return them to her on the agreed date, but allegedly withheld them from the mother and concealed their whereabouts. As a result of this episode, numerous proceedings have been commenced in the state court. Justice Kent of the Supreme Court has ordered investigation into the family situation by the Family Counseling unit of the Supreme Court of the State of New York, criminal charges were brought in the Criminal Court of the City of New York and have been dismissed. The defendant, Eugene Kilduff, lives in Dumont, New Jersey as does his mother, the defendant Anna Kilduff. Eugene Kilduff is employed in Manhattan.

It is painfully apparent from a reading of the complaint that the dispute between the parties, no matter how labeled, is essentially one arising with respect to the provisions of a property and custody agreement, visitation rights and other incidents of a matrimonial dispute. It would appear, therefore, to come clearly within the category of "domestic relations cases" in which "the federal courts have refused to adjudicate various disputes even though the requirements for diversity jurisdiction are present." Wright and Miller, *Federal Practice and Procedure*, § 3609. Although we recognize that there have been cases in which exceptions to the declination of diversity jurisdiction in domestic relations cases have been allowed "when plaintiff is able to characterize the action as one for damages caused by the tortious conduct of the spouse . . . . Even in this context, a federal court may well decline jurisdiction if the tortious conduct is part of an ongoing series of disputes centering around the marital relationship." Wright and Miller, *supra*.

Were the labeling of a cause of action as being one for "false imprisonment" to suffice to remove the case from the category of custody disputes (an area into which the federal courts have steadfastly refused to enter, *Hernstadt v. Hernstadt*, 373 F.2d 316 (CA 2 1967)), it would require little imagination on the part of the draftsman of the complaint to gain access to the

federal court in all custody disputes where there is a diversity of citizenship.

Little purpose would be served by a repetition here of the many sound reasons why matters relating to domestic relations issues are best left to the exclusive jurisdiction of the state courts and why matters "which, though not within the exceptions for matters of probate and administration or matrimony and custody actions, are on the verge, since like those within the exception, they raise issues 'in which the states have an especially strong interest and a well-developed competence for dealing with them'", are cases in which federal abstention is appropriate. *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d 509, 516 (CA 2 1973). Certainly if not foursquare within the exception for domestic relations disputes, it cannot be gainsaid that the issues raised by this complaint "are on the verge" of such issues.

The one or two instances where federal jurisdiction has been exercised involve circumstances far removed from those present here. *Abdul-Rahman Omar Adra v. Clift*, 195 F.Supp. 857, 865 (D.Maryland 1961) and *Kajtaki v. Kajtaki*, 78 Civ. 279 (E.D.N.Y. August 29, 1978, Mishler, C. J.) both involved foreign nationals and abduction of children to foreign lands. The decision by Judge Mishler relied upon by plaintiffs was rendered on an inquest on the default of the defendant and one cannot discern whether the jurisdictional question was ever raised.

No such considerations obtain here. The defendant-father lives in New Jersey and works in New York. In sum, we see no sound policy reason why the courts of New York, which are already heavily embroiled in the resolution of the various disputes between the parties in this "ongoing series of disputes centering around the marital relationship" should not continue to exercise their jurisdiction without federal intervention. The motion to dismiss the complaint is therefore granted.

SO ORDERED.