Steven P. VASSALLO, by his Guardian Ad Litem, Salvatore Vassallo, Plaintiff,

v.

Frederick H. NIEDERMEYER and Kimberly A. Niedermeyer Stewart, II, Defendants.

No. 80 Civ. 2736(RJW).

United States District Court, S. D. New York.

Aug. 13, 1980.

Acito & Klein, New York City, for plaintiff; Charles Palella, White Plains, N. Y., of counsel.

Wilson, Bave, Hayes & Conboy, Yonkers, N. Y., for defendants; William H. Bave, Jr., Michael J. Cozza, Yonkers, N. Y., of counsel.

## OPINION

ROBERT J. WARD, District Judge.

Plaintiff, a resident of New York, brings this diversity action to recover for personal injuries sustained in a motor vehicle accident which occurred in Georgia. Defendant Kimberly A. Niedermeyer Stewart ("Stewart"), an Alabama resident, is the owner of the vehicle allegedly driven by defendant Frederick H. Niedermeyer ("Niedermeyer"), a resident of South Carolina, at the time of the accident.

Defendants move pursuant to Rule 12(b)(3), Fed.R.Civ.P., to dismiss for improper venue or, alternatively, pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Middle District of Georgia. Because venue is proper in this district and because neither the interest of justice nor the overall convenience of the parties and their witnesses would be served by a transfer, the motion is denied.

The contention that venue does not lie in this district may be disposed of easily. A civil action founded on diversity jurisdiction may be brought in the judicial district where all plaintiffs—or, as in this case, the sole plaintiff—reside. 28 U.S.C. § 1391(a). Defendants do not dispute plaintiff's representation that he is a resident of Westchester County, New York. Inasmuch as plaintiff's county of residence is within the Southern District of New York, venue properly lies in this district.

Pursuant to 28 U.S.C. § 1404(a) the Court may, in its discretion, transfer this action "to any other district or division where it might have been brought" if such a transfer would serve the interest of justice and prove convenient to the parties and their witnesses. Since defendants Stewart and Niedermeyer are residents of different states, the only district where this action might have been brought, other than the Southern District of New York, is the district in which the claim arose. 28 U.S.C. § 1391(a). The Middle District of Georgia, presumably, is where the accident occurred and thus where the claim arose.

■ Plaintiff, however, contends that even though the accident occurred in Georgia conceivably this action could not have been brought there initially, as required for transfer under section 1404(a), because a Georgia federal court may not be able to obtain personal jurisdiction over defendant Stewart under the law of that state. Where there is doubt about the ability to obtain personal jurisdiction in the transferee district, plaintiff argues, an application for a section 1404(a) change of venue should be denied. Although there appears to be merit to this contention, *see Hoffman v. Blaski*, 363 U.S. 335, 343–344, 80 S.Ct. 1084, 1089–90, 4 L.Ed.2d 1254 (1960), and *Foster–Milburn Co. v. Knight*, 181 F.2d 949, 952 (2d Cir. 1950), in view of the Court's determination that a section 1404(a) transfer is not appropriate even assuming a Georgia court can obtain personal jurisdiction over defendants, this issue need not be reached.[1]

■ The factors relevant to the determination of whether this action should be transferred to the Middle District of Georgia include:

> the convenience to parties; the convenience of witnesses; the relative ease of access to sources of proof; the availability of process to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; practical problems that make trial of a case easy, expeditious, and inexpensive; and the interests of justice.

*Y⁴ Design, Ltd. v. Regensteiner Publishing Enterprises, Inc.*, 428 F.Supp. 1067, 1068–1069 (S.D.N.Y.1977). The plaintiff's choice of forum is an additional factor to be considered, although this factor is no longer to be given the near–decisive weight previously afforded under the predecessor of 28 U.S.C. § 1404(a), the doctrine of *forum non conveniens. Norwood v. Kilpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955).

■ The Court has considered all the appropriate factors and determined that this action should proceed in this district. Defendants, as the moving parties, have the burden of establishing that this action should be transferred. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *PI, Inc. v. Valcour Imprinted Papers, Inc.*, 465 F.Supp. 1218, 1223 (S.D.N.Y.1979). A discretionary transfer under 28 U.S.C. § 1404(a) "will not be granted '[a]bsent a clear cut and convincing showing by defendant[s] that the balance of convenience weighs strongly in favor of the transferee court. . . .' " *Star Lines, Ltd. v. Puerto Rico Maritime Shipping Auth.*, 442 F.Supp. 1201, 1207 (S.D.N.Y.1978), *quoting General State Auth. (of Pa.) v. Aetna Casualty & Surety Co.*, 314 F.Supp. 422, 423 (S.D.N.Y.1970). Defendants have failed to make such a showing.

■ Although neither defendant resides in Georgia, the Middle District of Georgia unquestionably is a more convenient district for defendants, as Alabama and South Carolina residents, than the Southern District of New York. At the same time, however, a transfer to Georgia would work to the substantial inconvenience of the New York plaintiff. Transfer is inappropriate where it would merely shift

---

1. By letter, defendants' attorney advised the Court that Stewart was personally served with process within New York State, and thus, defendants assert, jurisdiction is no longer an issue. Although in passing on this motion the Court makes no determination on the question of personal jurisdiction with respect to either defendant (defendants did not raise this question in the instant motion to dismiss), the susceptibility of defendants to personal jurisdiction in New York has no bearing on the requirement of *Hoffman v. Blaski, supra*, that personal jurisdiction exist in the transferee district. Indeed, the *Hoffman* Court's ruling has been interpreted to preclude transfer to an alternative forum under 28 U.S.C. § 1404(a) even where the defendant agrees to consent to personal jurisdiction in the transferee forum. *McAdoo v. Union Nat'l Bank of Little Rock, Ark.*, 558 F.2d 1313, 1316 (8th Cir. 1977). *Cf. Schertenleib v. Traum*, 589 F.2d 1156, 1161 (2d Cir. 1978) (applying doctrine of *forum non conveniens*). *But see* 1 J. Moore, Federal Practice ¶ 0.145[6.3] (1979) and 7B *id.* § 1404 (1980) (criticizing this interpretation of *Hoffman v. Blaski*).

inconvenience from defendants to plaintiff. *Microtan Co. v. Midcom, Inc.*, 414 F.Supp. 1103, 1105 (E.D.N.Y.1976). Moreover, plaintiff claims to be suffering from serious medical difficulties which he alleges were sustained in the July 15, 1978, accident that is the subject of this action. In support of this contention plaintiff has provided the Court with medical records documenting these injuries.[2] While it remains for the jury to determine the extent of plaintiff's injuries (if after trial the jury finds that either or both defendants are liable to plaintiff), in considering whether the interest of justice would be served by transferring this case from plaintiff's home district to an alternative forum the Court may consider plaintiff's special medical difficulties. *Tyrill v. Alcoa Steamship Co.*, 158 F.Supp. 853 (S.D.N.Y.1958). Plaintiff's substantial medical problems weigh heavily against transfer.

Defendants argue that all potential witnesses, other than the parties, reside in Georgia. Although they imply that the police who investigated the accident, medical personnel who treated plaintiff, and any eyewitnesses to the accident could be called to testify at trial, defendants have failed to name or describe a single witness. A party seeking a transfer "on account of the convenience of witnesses . . . must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Factors Etc., Inc. v. Pro Arts, Inc., supra,* 579 F.2d at 218. Moreover, it would appear that defendants are incorrect in their assertion that all non-party witnesses will be from Georgia. Plaintiff currently is receiving medical treatment in New York for injuries allegedly sustained in the accident and proposes to call New York physicians to testify at trial.

■ The Court recognizes that defendants' Georgia witnesses, who will not voluntarily appear in New York, are not subject to compulsory process (deposition testimony would be required), and the Court is well aware that the cost of bringing willing witnesses to this courthouse from Georgia could be substantial. These are considerations which of course weigh in favor of transfer. *First Nat'l City Bank v. Nanz, Inc.,* 437 F.Supp. 184, 189 (S.D.N.Y.1975).

Another factor which, at least in theory, supports defendants' application is the easier access to proof in the district where the accident occurred. Defendants, however, have not even attempted to persuade the Court that as a practical matter there really is much, if any, potential evidence, other than testimony and medical or police reports, that would be more easily accessible if the case were to proceed in the Middle District of Georgia. Moreover, some medical records relating to damages would appear to be in New York, where plaintiff currently is under treatment.

Of little significance is defendants' contention that a jury visit to the site of the accident may be appropriate. Defendants have presented nothing to the Court that could support the highly unusual practice of having a jury view the scene of an automobile accident.

■ Maintaining that the substantive law of Georgia governs this action, defendants argue that a Georgia federal court is better able to decide questions of Georgia law than this Court. The fact that the law of another jurisdiction governs the outcome of the case is a factor accorded little weight on a motion to transfer, however, especially in an instance such as this where no complex questions of foreign law are involved. *Atlantic Richfield Co. v. Stearns-Roger, Inc.,* 379 F.Supp. 869, 872 (E.D.Pa.1974).

■ In further support of their application for transfer defendants claim that "an issue as to the safety of the roadway" on

**2.** The records reveal that plaintiff, a former West Point Cadet, has sustained a closed head injury with a left frontal and occipital linear skull fracture and a left parietal skull fracture. He suffers from severe secondary encephalopathy, manifested by organic mental effects and a slight paralysis of the right side (hemiparesis).

As of December 1978, the medical records indicate, plaintiff was suffering from aphonia and thus was unable to speak. In August 1978 the United States Army Medical Board determined that plaintiff was medically unfit to remain in the United States Corps of Cadets.

which the accident occurred may necessitate the joining of additional parties. Though they have failed to make this argument explicitly, presumably defendants contend that they would be able to join or implead third parties in Georgia but cannot do so in New York. The capability of joining third parties in the proposed transferee district, which might be absent in the district from which transfer is sought, is an important consideration in determining whether a transfer is appropriate. *Prentice–Hall Corp. Systems, Inc. v. Insurance Co. of North America*, 81 F.R.D. 477, 481 (S.D.N.Y.1979). For this consideration to be afforded any weight, however, the moving party must persuade the Court that the need for third-party practice is more than just a remote possibility. Defendants' mere assertion that an unspecified roadway–safety issue may require bringing in additional parties falls well short of this mark.

Defendants have failed to make a convincing showing that this action should be transferred to the Middle District of Georgia. On balance, the Court finds it best that the matter proceed to trial in this district. Accordingly, the motion to transfer is denied.

Discovery is to be completed by November 12, 1980, and the parties are directed to submit a pre-trial order by December 10, 1980.

It is so ordered.