**Dennis L. CASIDA, Plaintiff,**

v.

**Louise M. CASIDA (Simonton), Defendant.**

**Civ. A. No. 82–Z–819.**

United States District Court, D. Colorado.

Feb. 29, 1984.

Jerome S. Malman, Malman & Malman, Denver, Colo., for plaintiff.

Robert D. Kelly, Lakewood, Colo., for defendant.

## ORDER OF DISMISSAL

WEINSHIENK, District Judge.

The matter before the Court is defendant's Motion to Dismiss. Although plaintiff has alleged diversity jurisdiction under 28 U.S.C. § 1332, defendant claims that the subject matter of the Complaint falls within the domestic relations exception to the

diversity statute. That exception is based on well-respected case law, in which the federal courts have declined to exercise jurisdiction in domestic relations cases for compelling policy reasons:

> the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts.

*Jagiella v. Jagiella,* 647 F.2d 561, 564 (5th Cir.1981), *citing Crouch v. Crouch,* 566 F.2d 486, 487 (5th Cir.1978).[1] *See also* extensive discussion of this exception in *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel,* 490 F.2d 509, 512–516 (2d Cir.1973).[2]

The Court has reviewed the defendant's Motion to Dismiss, the memoranda of law filed by the parties, the file in this action, and the applicable case law, and is fully advised and prepared to rule. For purposes of the Motion to Dismiss, the Court must treat the factual allegations in the Complaint as true, and construe them in the light most favorable to the plaintiff.

The Complaint relates that plaintiff and defendant were married October 9, 1971. One child was born during the marriage, in 1976. Divorce proceedings were commenced in the Colorado state courts in July of 1979, and the state court entered its decree July 10, 1979. Plaintiff subsequently sought a modification of the state court's initial visitation order, and that court granted the modification on October 14, 1980. Plaintiff alleges that thereafter defendant acted to obstruct plaintiff's visitation rights and to interfere with plaintiff's relationship with the child. The Complaint seeks compensatory damages of $50,000 and punitive damages of $25,000 against the defendant.

At various times the parties have attached different labels to the allegedly tortious conduct of defendant: "extreme and outrageous conduct," Complaint at ¶ 27; "interference with family relations," Defendant's Motion to Dismiss at ¶ 16; "intentional infliction of emotional distress," Plaintiff's Memorandum Brief Supporting Retention of Jurisdiction at 5; and "alienation of affections," Defendant's Memorandum Reply Brief at 2.

> However, recent authority, while sparse, seems to favor a broader inquiry into the nature of the claim rather than resolution of the issue by technical appellation. The general inquiry is whether hearing the claim will necessitate the court's involvement in domestic issues, i.e., whether it will require inquiry into the marital or parent-child relationship.

*Jagiella,* 647 F.2d at 565.

The Complaint reveals that the Court would be called upon to determine,[3] inter alia, whether and to what extent (1) defendant violated plaintiff's visitation rights; (2) defendant actively misled the state court in obtaining permission to take the child out of the state; (3) defendant concealed the whereabouts of the child; (4) defendant "wrongfully engaged in a systematic course of conduct designed to deny, or otherwise hold to a minimum, contact between plaintiff and plaintiff's [child];" (5) defendant "made false and misleading statements in an effort to deny, frustrate and otherwise minimize plaintiff's rights of visitation;" and (6) "the actions and inactions complained of herein violate[d] both the

---

**1.** While some cases and authorities discuss whether the domestic relations exception actually bars diversity jurisdiction or is rather an abstention from exercising jurisdiction, the distinction is nugatory for present purposes. For discussion, *see Jagiella v. Jagiella,* 647 F.2d 561, 564 n. 11 (5th Cir.1981), and authorities cited therein.

**2.** Tenth Circuit cases discussing the domestic relations exception include *McCarty v. Hollis,* 120 F.2d 540, 542 (10th Cir.1941); *Imel v. United States,* 523 F.2d 853, 855 (10th Cir.1975); *Druen v. Druen,* 247 F.Supp. 754, 755 (D.Colo.1965).

**3.** Although plaintiff in his brief refers to what a jury would or would not determine based on the facts alleged, neither the Complaint nor any other pleading in the file contains a jury demand.

duties imposed by Court Order and the duties imposed by relevant common law."

Such determinations would involve this Court inextricably in matters properly committed to the jurisdiction of the state courts. In this case as in *Kilduff v. Kilduff,* 473 F.Supp. 873, 874 (S.D.N.Y.1979), "[i]t is painfully apparent from a reading of the complaint that the dispute between the parties, no matter how labeled, is essentially one arising with respect to the provisions of a ... custody agreement, visitation rights and other incidents of a matrimonial dispute." Although cases exist where federal courts have considered actions between family members sounding in tort, *see, e.g., Wasserman v. Wasserman,* 671 F.2d 832 (4th Cir.), *cert. denied,* 459 U.S. 1014, 103 S.Ct. 372, 74 L.Ed.2d 507 (1982), *Bennett v. Bennett,* 682 F.2d 1039 (D.C. Cir.1982), "a federal court may well decline jurisdiction if the tortious conduct is part of an ongoing series of disputes centering around the marital relationship." *Kilduff,* 473 F.Supp. at 874, *citing* 13 Wright, Miller & Cooper, Federal Practice and Procedure § 3609 (1975).[4]

This is particularly true where, as here, the state court possesses continuing jurisdiction to supervise and modify its decrees and orders in a divorce proceeding. Plaintiff complains of violations of at least one such subsequent modification, and it appears from the file that the parties have invoked the state courts' continuing jurisdiction several times. Indeed, plaintiff originally brought this action in the state court which issued the divorce decree, but thereafter moved that court to dismiss the action so that plaintiff could file it in federal court. In addition, at the time plaintiff filed his brief in opposition to defendant's Motion to Dismiss in this Court, he was appealing concurrently in the Colorado Court of Appeals various orders of the

state court which go to the subject matter of his Complaint.[5] *See* Plaintiff's Memorandum Brief Supporting Retention of Jurisdiction at 3.

In short, the language of the Complaint and the history of this case show that the instant action arises out of continuing domestic disputes. In such circumstances, the state court is the proper forum to resolve the parties' current imbroglio. The Court therefore concludes that the Complaint states a claim under the domestic relations exception, that subject matter jurisdiction should not be exercised, and that dismissal of this action is required. Accordingly, it is

ORDERED that defendant's Motion to Dismiss is granted. It is

FURTHER ORDERED that the Complaint and cause of action are hereby dismissed without prejudice, each party to pay his or her own costs.

---

**4.** Unlike the *Wasserman* case relied on by plaintiff, the instant matter would require the Court to establish duties under family-relations law or to determine whether or not such duties had been breached, and would involve state court decrees still subject to review and modification. *Compare Wasserman,* 671 F.2d at 834–35. The *Bennett* case also cited by plaintiff was a child-

napping action involving none of the considerations which are present here.

**5.** The Court has been informed that plaintiff's appeal was dismissed by the Colorado Court of Appeals on February 8, 1983, on that court's own motion. Apparently neither party objected to the dismissal.