**Edmund GUDAITIS, Plaintiff,**

**v.**

**John ADOMONIS, Aldona Adomonis, and Aldute Adomonis, Defendants.**

**No. 85 C 4045.**

United States District Court, E.D. New York.

Sept. 3, 1986.

Schoen, Getlan & Dunn, New York City, for plaintiff; (William Z. Shulman, of counsel).

Weidman & Siegel-Baum, New York City, for defendants; (Judith E. Siegel-Baum, of counsel).

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff Edmund Gudaitis, a New York citizen, brought this diversity action against defendants John, Aldona and Aldute Adomonis, Massachusetts citizens. John, who died after plaintiff brought the action, and Aldona were married, and Aldute is their adopted daughter and niece. Defendants move to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for lack of personal and subject matter jurisdiction, for improper venue, for failure to state a claim and for failure to join a necessary party. Defendants also seek sanctions under Rule 11.

Plaintiff alleges the following. In September 1982 John and Aldona persuaded him to travel to Vilnius, Lithuania to meet their niece Monika (Aldute's sister). They offered to pay for the trip and assisted him in his travel plans and obtaining a passport. Defendants corresponded frequently with him about the trip, and John, while in New York on business, discussed the trip with him.

Plaintiff visited Lithuania in October 1982 and met and fell in love with Monika. With defendants' assistance he returned to Lithuania in December 1982 and married Monika.

During the next year and a half plaintiff, again with the help of defendants, arranged for Monika and her daughter from a previous marriage to emigrate to the United States. John came to New York in the fall of 1983 and encouraged plaintiff to obtain the necessary documents and to establish a home for his new family.

Unbeknown to plaintiff, Monika and her daughter arrived in Boston in January 1984 and moved in with defendants in Massachusetts. She told plaintiff that defendants refused to allow her to speak with him and that she had decided to remain with them because they promised her a more financially secure life.

In August 1984 plaintiff received Monika's green card but returned it to the Department of Immigration and Naturalization in New York because he was convinced that "this would never be a true marriage." In March 1985 he filed for divorce.

■ Defendant's claim that this court has no subject matter jurisdiction because the action in substance involves domestic relations and is excepted from this court's diversity jurisdiction. In *Kilduff v. Kilduff*, 473 F.Supp. 873 (S.D.N.Y.1979), cited by defendants, the court declined jurisdiction because the action arose directly from custody and other marital disputes. In *Bennett v. Bennett*, 682 F.2d 1039 (D.C. Cir.1982), the other case cited by defendants, the court held that it had no jurisdiction to grant the requested injunctive relief, but that it could award damages for the alleged torts.

This case does not involve a marital dispute. Plaintiff has not alleged that Monika engaged in tortious conduct. Plaintiff's tort theories are premised on defendants' fraudulently inducing him to marry Monika and interfering with his marriage. The fact that he pleads interference with a marital relationship is insufficient to remove this action from the court's jurisdiction. *See Spindel v. Spindel*, 283 F.Supp. 797 (E.D.N.Y.1968) (court has subject matter jurisdiction over action alleging fraudulent

inducement to marry and fraudulent procurement of divorce).

■ This court also has personal jurisdiction over defendants. The acts of defendants in New York State satisfy the requirements of due process and New York law. *See Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir.1963). Section 302(a)(2) of New York Civ.Prac. Law states in pertinent part that a court may exercise personal jurisdiction over a non-domiciliary who "commits a tortious act within the state."

Plaintiff states that on more than one occasion John visited him in New York and discussed details of the scheme, and that Aldute also came to New York in furtherance of the scheme. Defendants deny that such visits with plaintiff occurred.

Plaintiff bears the burden of establishing that defendant is subject to the court's jurisdiction. The court, however, should construe all pleadings and affidavits in plaintiff's favor. *Ghazoul v. International Management Systems, Inc.*, 398 F.Supp. 307 (S.D.N.Y.1975). When issues dispositive of jurisdiction overlap with the merits of the case the court may determine whether there is "threshhold" jurisdiction sufficient to allow the action to continue to preserve judicial resources. *Bialek v. Racal-Milgo, Inc.*, 545 F.Supp. 25 (S.D.N.Y. 1982). Under this standard plaintiff must make a prima facie showing that personal jurisdiction exists. Plaintiff's allegations, if proven, are sufficient to establish that defendants John and Aldute committed tortious acts within New York and show the requisite "minimum contacts" between defendants and New York to meet the due process test for personal jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

This court also has jurisdiction over defendant Aldona Adomonis. A court may attribute the acts of a defendant to his coconspirators for jurisdictional purposes if the plaintiff makes a prima facie showing of conspiracy. *Singer v. Bell*, 585 F.Supp. 300, 302–03 (S.D.N.Y.1984).

Plaintiff alleges that all tortious acts resulted from the conspiracy. While the fact that defendants are related may not be sufficient to establish a prima facie showing of conspiracy in some instances, *see Lehigh Valley Indus. v. Birenbaum*, 527 F.2d 87 (2d Cir.1975), this action arises from a dispute among relatives, and defendants' family relationship has added import. Plaintiff's allegations that the three Adomonises conspired to induce him to travel to Lithuania and marry Monika and then persuade her to live with them in Massachusetts is sufficient to establish a prima facie showing of conspiracy.

■ Defendants move to dismiss the action for improper venue in New York or alternatively to transfer the action to Massachusetts pursuant to 28 U.S.C. § 1404(a). They allege that plaintiff is the only party with a nexus to New York, that all potential witnesses reside in Massachusetts and that Massachusetts law applies.

Under 28 U.S.C. § 1391, venue in a diversity action lies in "the judicial district where all plaintiffs reside or all defendants reside or in which the claim arose." Since plaintiff resides here venue is proper. *See* Wright and Miller, 5 *Federal Practice and Procedure* § 1352 at 569 (1969).

A district court may, in its discretion, transfer an action to another district if such a transfer would serve the interest of justice and prove convenient to the parties and their witnesses. *See Wyndham Associates v. Bintliff*, 398 F.2d 614, 621 (2d Cir.), *cert. denied*, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968).

Defendant bears the burden of demonstrating that transfer to another forum would be more convenient and serve the interest of justice. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). The court will not grant a transfer "[a]bsent a clear cut and convincing showing by defendant that the balance of convenience weighs strongly in favor of the transferee court...." *Vassallo v. Niedermeyer*, 495 F.Supp. 757, 759

(S.D.N.Y.1980) (citing *Star Lines Ltd. v. Puerto Rico Maritime Shipping Auth.*, 442 F.Supp. 1201, 1207 (S.D.N.Y.1978)).

Defendants have not met their burden. They have not identified the number of witnesses residing in Massachusetts nor stated that they will have difficulty obtaining their attendance in New York. They say Massachusetts law governs this case. But, if so, this factor is "accorded little weight on a motion to transfer ... especially in an instance such as this where no complex questions of foreign law are involved." *Vassallo v. Niedermeyer, supra,* 495 F.Supp. at 760. The court declines to transfer this action.

■ Defendants next argue that plaintiff's claim of alienation of affection against John Adomonis, now deceased, does not survive under Massachusetts law. Plaintiff responds that he has not alleged alienation of affection, and even if he had, such a claim survives under recent interpretations of the Massachusetts Survival Statute.

The Massachusetts Survival Statute states in pertinent part that "[a]ctions of tort (a) for assault, battery, imprisonment or other damages to the person" survive the death of the wrongdoer or the injured. Mass.Gen.Laws Ann. ch. 228, § 1. In *Harrison v. Loyal Protective Life Insurance Co.*, 379 Mass. 212, 396 N.E.2d 987 (1979) the court held that the tort of intentional infliction of emotional distress survived the death of the injured party. It reasoned that the legislature intended by including the phrase "other damage to the person" to permit survival of all torts that cause such damage and that the statute should be broadly interpreted. Following this reasoning the claims survive the death of John Adomonis.

■ Defendants also argue that plaintiff has not stated a claim for fraud because he admits in the complaint that he and Monika "fell in love" and "decided ... that plaintiff would return to Lithuania and marry." However, the complaint states in the next paragraph that John and Aldona "arranged and conspired with Monika, for the latter to seduce, ensnare, and inveigle Plaintiff so he would propose to Monika, marry her, and arrange to bring her to the United States." Plaintiff thus adequately pleads reliance.

■ Finally defendants seek to dismiss the action under Rule 12(b)(7) for failure to join Monika as an indispensable party. They do not assert that she cannot be joined if need be, and therefore dismissal is not warranted. *See* Wright and Miller, 5 *Federal Practice and Procedure* § 1359 at 628 (1969). Moreover, defendants have not shown facts establishing the need to join Monika.

Defendants' motion for sanctions pursuant to Rule 11 is denied. Their motion to dismiss is denied. So ordered.