724 F.Supp. 242 (1989)
Nathan TURNER, Plaintiff,
v.
HUDSON TRANSIT LINES, INC. and Short Line Terminal Agency, Inc., Defendants.
No. 89 Civ. 4252 (PKL).
United States District Court, S.D. New York.
November 6, 1989.
Condon & Forsyth, New York City (Edward G. Petraglia, Andrew T. Houghton, of counsel), for plaintiff.
Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, New York City (Haydn J. Brill, of counsel), for defendants.

*243 OPINION & ORDER
LEISURE, District Judge:
This is an action arising out of an accident on the New Jersey Turnpike. On October 8, 1986, plaintiff Nathan Turner ("Turner") was riding on a bus operated by defendant Hudson Transit Lines, Inc. ("Hudson") and owned by defendant Short Line Terminal Agency, Inc. ("Short Line") when that bus was involved in a collision with a passenger vehicle on the Turnpike. Turner was allegedly severely injured in the accident and now seeks damages from defendants. Defendants claim that the accident was caused by the passenger vehicle involved in the collision and wishes to bring in the driver and owner of that vehicle as third-party defendants.
The action was originally brought in New York State Supreme Court. Defendants removed the case to this Court under 28 U.S.C. § 1441 based on the existence of complete diversity of citizenship. The parties now come before the Court on defendants' motion to transfer this action to the United States District Court for the District of New Jersey under 28 U.S.C. § 1404.

DISCUSSION
Either party in an action brought in federal district court may move to have it transferred to another federal district court where the action could have been originally brought. Such motions for transfer of venue are made pursuant to 28 U.S.C. § 1404(a), which provides:
For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
A motion to transfer pursuant to this section rests with the sound discretion of the Court. Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir.1989); Golconda Mining Corp. v. Herlands, 365 F.2d 856, 857 (2d Cir.1966). The party requesting transfer "bears the burden of establishing, by a clear and convincing showing, the propriety of transfer." Morales v. Navieras De Puerto Rico, 713 F.Supp. 711, 712 (S.D.N. Y.1989). See also Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir.1978), cert. denied, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); Feigenbaum v. Marble of America, Inc., 1989 WL 66646, 1989 U.S.Dist.LEXIS 6455, 5 (S.D.N.Y.1989); Motown Record Corp. v. Mary Jane Girls, Inc., 660 F.Supp. 174, 175 (S.D.N.Y.1987), quoting CT Chemical (USA), Inc. v. Horizons International Inc., 106 F.R.D. 518, 521 (S.D.N.Y.1985). A number of factors are relevant to a court's determination of a transfer motion, among which are the convenience of the parties, the ease of access to the sources of proof, the susceptibility of the witnesses to process, and the interests of justice. Nieves v. American Airlines, 700 F.Supp. 769 (S.D.N.Y.1988). The plaintiff's choice of forum weighs heavily in the Court's determination of a transfer motion. Zangiacomi v. Saunders, 714 F.Supp. 658, 660 (S.D.N.Y.1989); Miller v. County of Passaic, New Jersey, 699 F.Supp. 409, 411 (E.D.N.Y.1988). Only where the facts of the action bear little connection to the chosen forum is plaintiff's choice given reduced significance. Feigenbaum, 1989 WL 66646, 1989 U.S.Dist.LEXIS 6455, 6.
Defendants allege in their motion that transfer is necessary in this case in order for them to bring the driver and owner of the passenger vehicle involved in the accident into the litigation as third-party defendants for purpose of indemnity or contribution.[1] The vehicle involved in the accident, according to the police report filed at the time, is owned by Denise Zozichowski and was being driven by Joseph Zozichowski. See Police Report Attached as Exhibit to Affidavit of Haydn J. Brill, Esq., sworn to on September 18, 1989 ("Police Report"). The Zozichowskis are residents of New Jersey, see Police Report, and there appears to be no basis for this Court to have personal jurisdiction over them in the *244 present action. Defendants assert that, absent a transfer, they will be forced to bring a separate action in New Jersey state court against the Zozichowskis if this current action is resolved in plaintiff's favor. This separate action would be, defendants assert, a waste of judicial resources, and puts defendants at risk of inconsistent verdicts. Defendants also note that New Jersey law will probably apply in this case.
The inability to bring a third-party action is to be considered by the Court in making decisions on transfer motions. Vassallo v. Niedermeyer, 495 F.Supp. 757, 760-61 (S.D.N.Y.1980).[2] But, while weight is given to that consideration, the convenience of the parties is given at least equal weight. Prentice-Hall Corp. v. Insurance Co. of North America, 81 F.R.D. 477, 481 (S.D.N. Y.1979).[3]
Plaintiff in this matter has presented evidence to the Court that it would be inconvenient for him to travel to New Jersey if this case is transferred. Plaintiff suffers from severe vision problems, allegedly caused by his injuries suffered in the accident at issue. Plaintiff has lost sight in one eye and has only limited vision in the other. Affidavit of Dr. Calvin Roberts, sworn to on September 25, 1989. This disability restricts his ability to travel. Id. As plaintiff is a resident of Manhattan, see Amended Complaint at 1, travel to this Court will be less taxing than travel to Newark, Trenton or Camden, New Jersey.[4] Further, all of plaintiff's named witnesses are residents of New York State. See Plaintiff's Memorandum of Law in Opposition, Exhibit D. The convenience of witnesses is an important factor to be considered in the Court's determination of transfer. Nieves, 700 F.Supp. at 772-73. Further, the operative facts in this case are related to the existing forum. The bus was travelling between two points in New York, and most of plaintiff's medical treatment apparently occurred in New York.
The balance of the issues presented to the Court weigh heavily for plaintiff in this matter. Even if plaintiff had not made a strong showing of the inconvenience to him of the transfer, it is clear that a mere shifting of inconveniences is not grounds for transfer. Finkielstain v. Seidel, 692 F.Supp. 1497, 1509-10 (S.D.N.Y.1988). In this case the balance is overwhelmingly in favor of plaintiff. Plaintiff has shown that it is far more convenient to him and to the majority of witnesses in this case that this matter continue in this Court. The inability to bring a third-party action against the Zozichowskis in this Court is a factor to be considered in this motion for transfer. However, the inconvenience to defendants caused by the inability to bring that complaint does not outweigh the combination of plaintiff's strong showing of the inconvenience of a transfer, the connection of this case to the Southern District of New York, and the Court's desire to give weight to plaintiff's forum choice.[5] Accordingly, defendant has not met the burden required to convince the Court to transfer this action to the District of New Jersey.

CONCLUSION
Based on the discussion above, defendants' motion to transfer this action pursuant to 28 U.S.C. § 1404 is DENIED.
SO ORDERED.
NOTES
[1] Defendants admit that trying the case in this Court will not create any inconvenience for the parties or witnesses. Defendants' Memorandum of Law in Support at 6. The only basis for their motion is that the transfer would be in the interest of justice to allow the impleading of a third-party defendant.
[2] Defendants cited Grendel's Den, Inc. v. Goodwin, 495 F.Supp. 761 (D.Mass.1980) for this proposition. Grendel's Den does not bear on the issue at hand, but is the case that directly follows Vassallo in volume 495 of Federal Supplement.
[3] Defendants' other basis for transfer is that New Jersey law will apply. This is an insignificant factor in deciding transfer motions. Vassallo, 495 F.Supp. at 760.
[4] Judges in the District of New Jersey sit in all three cities. United States Court Directory, 186-87 (1989).
[5] The Court is particularly sensitive to plaintiff's forum choice in this case since that choice has already been disturbed once by the removal of this action from New York State Supreme Court.