14-2945-cv
H.M.G. v. Johnson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand fifteen.

PRESENT: CHESTER J. STRAUB,
ROBERT D. SACK,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

-----------------------------------------------------------------------
H.M.G., H.L.G., KELLY RUTHERFORD,

*Petitioners-Appellants*,

v.                                                                    No. 14-2945-cv

SECRETARY JEH JOHNSON, U.S. Department of Homeland Security, in his official capacity as well as his successors and assigns, ATTORNEY GENERAL ERIC H. HOLDER, JR., in his official capacity as well as his successors and assigns, U.S. Department of Justice, DIRECTOR LEON RODRIGUEZ, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, in his official capacity, as well as his successors and assigns, NEW YORK CITY DIRECTOR PHYLLIS COVEN, New York City Field Office, U.S. Department of Homeland Security, U.S. Citizenship and

Immigration Services, in her official capacity, as well as her successors and assigns,

*Respondents-Appellees*.

----------------------------------------------------------------------

FOR PETITIONERS-APPELLANTS:   WENDY MURPHY, Director, Women's and Children's Advocacy Project, Center for Law and Social Responsibility at New England Law | Boston, Boston, MA (James R. Marsh, Marsh Law Firm PLLC, White Plains, NY, *on the brief*).

FOR RESPONDENTS-APPELLEES:   JACOB M. BERGMAN, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *of counsel*; Preet Bharara, United States Attorney for the Southern District of New York, *on the brief*), United States Attorney's Office for the Southern District of New York, New York, NY.

Appeal from an August 15, 2014 memorandum and order of the United States District Court for the Southern District of New York (Carter, *J.*, sitting in Part I).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

This appeal arises in connection with the dissolution of a marriage and the subsequent custody and welfare of the children of that marriage. The issues that Petitioners seek to raise are thus of grave importance and sensitivity. We deeply sympathize with the plight of these parents and their children. However, we are plainly without authority to address these questions in this proceeding.

Petitioners, a U.S. citizen mother and her two minor, U.S. citizen children, filed a mandamus petition and request for a preliminary injunction against the heads of various federal agencies involved with citizenship and removal responsibilities. The district court dismissed the petition for lack of subject matter jurisdiction and observed that, even if jurisdiction did exist, Petitioners had failed to demonstrate entitlement to preliminary injunctive relief. This appeal followed.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a case for lack of subject matter jurisdiction. *See Delgado v. Quarantillo*, 643 F.3d 52, 54 (2d Cir. 2011) (per curiam). Under the mandamus statute, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. In order for the writ to issue, a petitioner is required to "prove[] that (1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman*, 523 F.3d 119, 133 (2d Cir. 2008) (citing *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989)).

As the district court correctly held, Petitioners have identified neither a clear right to relief nor a "plainly defined and peremptory duty" on the part of the federal agencies to intervene in the custody dispute. Petitioners allege that the California state court's custody order had the effect of deporting the children in violation of their Fourteenth Amendment right to remain in the United States.

There is no authority establishing the unconditional right of minor children to reside in the United States when one of their custodial parents lives abroad.[1] Likewise, there is

---

[1] In support of the existence of such a right, Petitioners rely in significant part on a District of New Jersey case—reversed on appeal—in which the deportation of two non-citizen parents was held to effect the unlawful, constructive deportation of their U.S. citizen child. *See Acosta v. Gaffney*, 413 F. Supp. 827 (D.N.J. 1976), *rev'd*, 558 F.2d 1153 (3d Cir. 1977).

Petitioners contend that, in reversing the outcome in *Acosta*, the Third Circuit left undisturbed the district court's holding regarding the right to remain in the United States. This mischaracterizes the Third Circuit's ruling. The Third Circuit first observed that the right at issue was actually the "broader . . . fundamental right of an American citizen to reside wherever he wishes, whether in the United States or abroad, and to engage in the consequent travel." *Acosta*, 558 F.2d at 1157. The court then explained that "the right is purely theoretical" with respect to minors who are "incapable of exercising it." *Id.* This latter statement was not, as Petitioners contend, aimed solely at children who lack a guardian in the United States. As the Third Circuit explained, even if the parents had the option of leaving the child with foster parents, "this would be their decision involving the custody and care of their child, taken in their capacity as her parents, not an election by [the child] herself to remain in the United States." *Id.* at 1158.

The Northern District of New York's decision in *Perez v. United States*, 502 F. Supp. 2d 301 (N.D.N.Y. 2006), also cited by Petitioners, is not to the contrary. In *Perez*, the petitioner had been unaware of his citizenship status at the time of his deportation and subsequent conviction for wrongful reentry. *Id.* at 303-04. The district court granted his habeas petition on the grounds that, *inter alia*, U.S. citizens are legally entitled to remain in the United States and thus cannot be convicted of illegal reentry. *Id.* at 311. The children here have neither been deported nor charged with illegal reentry; they have simply been placed in the joint custody of their parents, one of whom resides abroad.

3

no "plainly defined and peremptory duty" requiring Respondents to interfere with the custody order—nor is there, as Petitioners contend, a general affirmative duty on federal agencies requiring them to intervene against what is claimed to be unconstitutional state action. Petitioners effectively concede as much in their brief, as they urge the Court to "recognize" the duty in light of the "unique and unprecedented facts" of the case. Pet'rs' Br. at 20-21. But it is well established that federal courts may not impose new duties in the context of mandamus proceedings. *See U. S. ex rel. Int'l Contracting Co. v. Lamont*, 155 U.S. 303, 308 (1894) ("The duty to be enforced by mandamus must not only be merely ministerial, but it must be a duty which exists at the time when the application for the mandamus is made.").

We also affirm the district court's holding that it lacked federal question jurisdiction under 28 U.S.C. § 1331. While the jurisdictional inquiry is ordinarily distinct from an assessment of the viability of the underlying claim, this general principle does not apply where, as here, the claim is "wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 681-83 (1946); *Carlson v. Principal Fin. Grp.*, 320 F.3d 301, 306 (2d Cir. 2003); *see also Hernstadt v. Hernstadt*, 373 F.2d 316, 317-18 (2d Cir. 1967).

Here, as the district court correctly observed, the children have not been deported; they retain their United States citizenship and, once they reach the age of majority, they will be free to choose where to reside. There is, therefore, no non-frivolous constitutional question, only an attempt to seek federal judicial intervention in a state court custody dispute. Under such circumstances, it would plainly be improper for the federal courts to assume jurisdiction over the case. *See Hernstadt*, 373 F.2d at 317-18.

Because the district court properly dismissed the petition for want of subject matter jurisdiction, we need not reach the merits of Petitioners' preliminary injunction application.

We have considered Petitioners' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's memorandum and order dismissing the petition.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4